## MOCK v. KING, Garnishee.

1. If a plaintiff in attachment, after a garnishee has answered, disclosing the fact, that the demand sought to be condemned has been transferred, suffers several terms to elapse without taking the proper steps to bring the transferee into court, to contest with him the validity of the transfer, it is not error in the court to discharge the garnishee.

2. The undivided interest of one of several distributees of an estate, in the hands of an administrator *de bonis non*, &c., is not subject to the process of garnishment.

Error to the County Court of Lowndes. Before Hon. E. H. Cooke, County Judge.

In this case, the facts appear fully in the opinion of the court.

J. M. HARDY, for plaintiff in error.
T. H. WATTS, contra.

CHILTON, J.—The plaintiff in eror having sued out an attachment before a justice of the peace, returnable to the

county court of Lowndes county, against the estate of Bowlin Smith, the sheriff indorsed thereupon "executed by summoning O. P. King, as garnishee, Dec'r. 1, 1846." At the December term, 1846, the garnishee filed his answer, and the cause was continued for further answer, and it was ordered, that notice issue to John Steel and P. T. Harris, commissioner in bankruptcy, to contest the validity of the transfer of the defendant's interest, as represented in the garnishee's answer.

At the fall term, 1848, to which the cause had been continued, the record recites, that the garnishee appeared, and having answered, that he held certain property in his hands as administrator *de bonis non cum testamento annexo* of the estate of Jeremiah Smith, deceased, which, by the provisions of the will, was to be equally divided among six heirs, when the youngest should attain the age of twenty-one years, (to which age the youngest heir had attained when the garnishment was executed upon the defendant in error.) That said estate consisted of land and slaves, besides other personal property, amounting in value to twenty thousand dollars, and which had never been divided. That said Bolin Smith was one of the heirs of said Jeremiah Smith. That said garnishee had seen on record in Autauga county, a transfer by said Bolin Smith to one John Steel, of his interest in said estate, and that he had heard both Smith and Steel say, said transfer had been made to secure Steel against liability for said Smith as his surety upon his bond as executor of Jeremiah Smith's estate. That Smith informed the garnishee, if Steel lost nothing by his suretyship, the said property would be his, (Smith's.) The garnishee further answered, after notice, that he had seen from the records of the orphans' court of Autauga, an official statement by said Bolin Smith, as executor of J. Smith, by which a balance is certified in favor of said Bolin, of $2,351 99, by the judge of the orphans' court of Autauga county; whereupon the plaintiff asked for a judgment against the garnishee on his answer filed, which motion was overruled by the court. The plaintiff then prayed a continuance, and that notice issue to John Steel to contest his claim, which was also refused, and judgment was

Mock v. King, garnishee.

entered discharging the garnishee, to revise which the cause is brought to this court.

1. It is certainly proper, in ordinary cases, when a garnishee answers to an indebtedness, but alledges notice of a transfer to a third person, for the court to continue the cause, and order a notice to issue to the transferee, that he may come in and contest with the plaintiff his right to the fund, &c. This is required by the statute. Clay's Dig. 63, § 40. But it is the duty of the plaintiff to proceed with proper diligence in bringing such transferee before the court. If he neglect to have such notice issued until the several terms after the answer of the garnishee, have elapsed, the court may, in the exercise of the discretion which is vested in the judge over the subject of continuances, refuse to grant a continuance of the cause, and may discharge the garnishee, if his answer does not warrant a judgment against him. In this case, the garnishee was summoned in December, 1846, and shortly thereafter answered. At the first term the cause was continued for further answer, and notice to issue to the transferee of the property in the hands of the garnishee. At the two succeeding terms no steps whatever were taken, but general continuances were entered, and at the fourth term the parties appear, and the plaintiff moved for judgment against the garnishee. Failing in his motion, he asked a continuance, and that notice issue to the same transferee for whom a previous notice had been awarded. We think the court very properly refused to keep the garnishee longer before it, as it was the duty of the plaintiff to have used proper diligence in the prosecution of the former proceeding ordered against Steel, the transferee.

It is very certain that the answer of the garnishee did not warrant a judgment against the defendant in error. Aside from the objection, that the interest which Boling Smith had in the property, had been conveyed to Steel, it appears that the garnishee holds the property as assets of the estate of Jeremiah Smith in his hands as administrator *de bonis non*, &c. That said property has not been distributed, but remains undivided, said Bolin being one of six heirs who are to share it under the will of Jeremiah Smith. The administrator denies his authority to hold the property from the law.

He is amenable to the orphans' court which appointed him, for the faithful performance of the duties imposed on him in virtue of his office. He must pay the debts of the deceased, and have the property forthcoming for distribution when he is required by law. If property thus held were liable to be seized and sold upon proceedings against those who may be entitled to distribution, much inconvenience and confusion would result, and embarrassment be experienced in the settlement of estates. Besides, no security would be afforded those creditors who might remain unpaid, as in the event the property is liable to be seized by attachment against the distributees, no refunding bond could be required. Other reasons might be urged why the property of the legatee, before distribution should not be subject to attachment at the suit of his creditor. A posterior will may be established—posthumous child born,—the will which has been probated may be set aside perhaps—these and the like considerations have led my mind to the conclusion, that the administrator *de bonis non* with the will annexed, is not liable with respect to the unadministered assets of the estate in his hands, which may remain to be distributed to the creditors of the distributee by process of garnishment. See Brooks v. Cook & Barrett, 8 Mass. Rep. 246; Barnes v. Treat & Allen, 7 Mass. R. 271.

It results from what we have said, that there is no error, and the judgment is consequently affirmed.