## JONES, Garnishee, *vs.* HOWELL.

1. The answer of a garnishee, found in the transcript and identified by the minute entry, must be regarded as a part of the record.
2. Where a garnishee denies that he is indebted to or has in his hands any effects of the debtor, and his answer is not controverted, he is entitled to a discharge, and cannot be held to answer further for a probable future indebtedness.

Jones v. Howell.

Error to the Circuit Court of Butler.

THE defendant in error, Samuel A. Howell, having a judgment against one. Cunningham, sued out a summons of garnishment against the plaintiff in error, as administrator of Samuel Howell, deceased. The facts will be found sufficiently set out in the opinion of the court.

J. D. F. WILLIAMS, for plaintiff in error :

1. The judgment *nisi* in this case was improperly rendered by the court below, as appears by the record, because the garnishee had answered in writing, and as no objection had been made, the presumption was that all objection to it was waived. If the objection was not waived, the answer would not have been filed under the order of the court.

2. The case as presented by the answer (which not being contested must be taken as true,) is one over which a court of law has no jurisdiction.—Mock v. King, 15 Ala. Rep.

JUDGE & STONE, for defendant in error :

1. On the coming. in of the answer of the garnishee, the cause was continued for "*further answer.*" Subsequently, a judgment *nisi* was rendered, garnishee being in default—a *scire facias* was issued and executed, and the judgment *nisi* made final. The cause then stands in a legal aspect, as though no answer was ever made or filed, and the judgment final was rendered *not on the answer*, but *for the want of an answer* The answer then cannot be looked to in this court, and the judgment below must be affirmed. *The further answer*, had it been made, might have shewn a state of facts which would have authorized the judgment rendered.

PARSONS, J.—The garnishee answered in writing, and it is clear from the minute entry, that the answer at length was made part of the record. It can, therefore, be regarded as such.—Gaines v. Bierne, 3 Ala. Rep. 114 ; Fortune v. The State Bank, 4 Ala. Rep. 385. The truth of the answer was not denied, but it was treated by the plaintiff in the garnishment as a true answer. The garnishment is sued out against Jones, the plaintiff in error, as the administrator of Samuel Howell, deceased, suggesting that the plaintiff in error, as such

administrator, was indebted to Cunningham, the defendant in a judgment, or had effects of his in his hands. The allegation is denied by the answer, but it admits that Cunningham's wife is one of several distributees of the estate of said Howell, and admits that there were lands belonging to the estate, and that it had about five thousand dollars in notes given for the sale of property, in the hands of the plaintiff in error, as adminis-trator, but that this was the whole of the estate. The answer further states that the time allowed for the presenta-tion of claims against the estate had not elapsed, and that there had been no settlement of the estate by the Orphans' Court, and of course no decree ascertaining the distributive share of Cunningham's wife.

The court below refused to discharge the garnishee upon this answer, but continued the cause for further answer, be-cause the answer showed "probable future indebtedness." And the court finally, on *sci. fa.*, rendered judgment against the garnishee for failing to answer concerning the probable future indebtedness.

In Mock v. King, 15 Ala. Rep. 66, it was held, that the un-divided interest of a distributee of an estate, in the hands of an administrator, is not subject to the process of garnishment. Hence, according to the state of facts as shown by the answer, and which was not controverted by the plaintiff in the gar-nishment, the garnishee ought to have been discharged. But he was required to answer further as to probable future indebt-edness. This clearly related to the matters stated in the an-swer, and the order was made, probably, under an impres-sion that the money owing by the notes would be collected, and that there would be a final settlement and decree of dis-tribution, whereby the wife of the defendant in the judgment might become entitled to a distributive share of the es-tate. As the answer was taken as true, according to the existing condition of the estate no better result could have come from a further answer as to probable future indebtedness to arise out of the existing state of things. Now, if the further answer had been made and had ad-mitted future indebtedness in ths way, that could not have been subjected under the present garnishment. The Branch Bank at Mobile v. Poe, 1 Ala. Rep. (N. S.) 396; Hazard v.

49

Franklin, 2 ib. 349. A garnishment is in the nature of a suit and the statute prescribes a time for the garnishee to answer, with which the plaintiff in error complied. If it were conceded (rather contrary to the last mentioned cases) that the garnishee must discover his indebtedness to the time of his answer, it does not follow, that having duly and fully answered, he can be held to answer further for a probable future indebtedness. That is certainly beyond the letter and spirit of the statute, and for this error the judgment must be reversed, and the garnishee discharged. It is not necessary to enquire whether or not the distributive share of the wife of the defendant in the judgment could be taken from her for his debts in such a case. Let the plaintiff in error recover of the defendant the costs of this court and of the court below.