# STEVENSON *vs.* O'HARA.

[SUIT COMMENCED BY ORIGINAL ATTACHMENT IN CITY COURT OF MOBILE, AND JUDGMENT TAKEN BY DEFAULT.]

1. *Clerk of City Court has no power to issue original attachments.*—Although the City Court of Mobile is by statute vested with all the powers of the several Circuit Courts, except as to actions to try titles to land, yet there is no statute conferring authority on its clerk to issue original attachments, which, being a summary remedy in derogation of the common law, must be specially conferred by statute, or it does not exist; and therefore, where there is a judgment by default, in a suit commenced in that court by such original attachment issued by its clerk, the whole proceeding will be quashed on error.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THE appellee commenced suit against the appellant by original attachment sued out before the clerk of the City Court, and judgment by default was taken at the return term of the writ. From this judgment the present appeal is taken, and it is here assigned for error, among other things, that the clerk had no authority to issue the attachment, and the judgment is therefore void. No briefs were submitted by counsel on this point.

GEORGE N. STEWART, for the appellant.
PERCY WALKER and R. H. SMITH, *contra*.

CHILTON, C. J.—The City Court of Mobile is vested with all the powers vested in the several Circuit Courts, except as to actions brought to try titles to land.—Acts of 1851–2, pp. 75, 76. It does not follow, however, that the clerk of that court shall be vested with all the extraordinary powers which have been committed by acts of the legislature to the clerks of the Circuit Courts. As to the issue of all ordinary process which pertains to the clerk of a court exercising, with one exception, general common-law jurisdiction, there can be no doubt that the clerk's power is complete and ample. But the power to issue an attachment as original

process is extraordinary in its character. It requires a special act to confer it. Such acts, providing for summary remedies upon civil demands, are in derogation of the common law. And the power therefore ought to be clearly conferred, and should not be deduced from vague surmises as to the intention of the legislature. It does not follow, because the City Court has full jurisdiction over the subject of *original* attachments, that the clerk of that court may issue *such* writs. They are not writs issuing from the court, or by the authority of the court; but the person who issues them is *pro hac vice* made a judicial officer, and the jurisdiction of the court over them never attaches until they are returned, or, at least, until they are placed in the hands of its executive officer to be levied. Hence, we conceive that the power exercised in granting original attachments does not grow out of the relation in which the clerk stands to the court, but exists, if at all, independent of that relation—that is, it is not derived from the court as a quasi-judicial function, exercised by one of its ministerial officers under the jurisdiction or authority of the court, but is vested in the individual by the particular statute conferring it, not as constituting a part of the court, but as designated by his office.

Such writs, *as original process*, were unknown to the common law, and no one has power to issue them unless thereunto specially authorized. The clerk of the City Court is not among those who are so authorized to issue *original* attachments. His act was, therefore, void.; and the City Court had, consequently, no jurisdiction of the cause, the judgment being by default. Its judgment, predicated upon the attachment and levy, must therefore be reversed; and as the writ was a nullity, the cause will not be remanded, but the whole proceeding must be here quashed.

Judgment accordingly.