Gunn v. Howell.

## GUNN *vs.* HOWELL.

[ASSUMPSIT FOR MONEY HAD AND RECEIVED—PLEA OF PAYMENT TO PLAINTIFF'S CREDITOR UNDER JUDGMENT RENDERED IN GEORGIA ON PERSONAL SERVICE OF GARNISHMENT.]

1. *How foreign statute must be pleaded.*—As a general rule, where a party claims a right, based, not upon the common law, but upon a statute of a foreign jurisdiction, it devolves upon him to prove that statute as a fact; and in pleading, he is required to set out the statute, in order that the court may see that the right claimed is in conformity with it.

2. *How judgment of sister State must be pleaded.*—But, in pleading the judgment of a sister State, to which "full faith and credit" are to be given (U. S. Constitution, Art. IV, § 1), it is not necessary to set out affirmatively the facts upon which the power and authority of the court by which it was pronounced depended.

3. *Summary proceeding must pursue statute.*—Where a special authority, in derogation of the common law, is conferred by statute on a court of general jurisdiction, it becomes, *quoad hoc*, an inferior or limited court; a compliance with the requisitions of the statute is necessary to its jurisdiction, and must appear on the face of its proceedings.

4. *Judicial ascertainment of jurisdictional fact.*—Where the jurisdiction of the court to proceed in the summary mode provided by the statute depends upon the existence of a preliminary fact, as where an execution, with a return of "no property," is required before process of garnishment can issue, the record must affirmatively show either the existence of the fact itself, or that the court determined its existence; but if the court erroneously determine that the fact does exist, its actual existence cannot be collaterally inquired into, and the error does not affect the validity of the proceedings.

5. *Georgia statute of garnishment construed.*—The effect of the last proviso to the second section of the Georgia statute of 23d December, 1822, (Prince's Digest, p. 37,) is to require the issue of an execution, and a return thereon of "no property found," before process of garnishment can issue to enforce satisfaction of the judgment.

6. *Of what record in garnishment case consists.*—Where process of garnishment is

sued out under this statute, to enforce satisfaction of a judgment, the record of the garnishment case consists only of the affidavit and summons, the return of the officer, the answer of the garnishee, and the judgment thereon rendered against him; but neither the judgment against the original debtor, nor the execution thereon issued, constitutes any portion of the record of the garnishment suit, unless incorporated into the judgment against the garnishee, or made part of the record by bill of exceptions.

ERROR from the Circuit Court of Chambers.

Tried before the Hon. NAT. COOK.

THIS action was brought by Larkin R. Gunn against Isaac Howell, to recover the proceeds of certain promissory notes, amounting in all to about $2,500, which plaintiff had placed in defendant's hands for collection. The declaration contained a special count on the contract, and the common money counts. The defendant pleaded the general issue, payment, set-off, former adjudication, the statute of limitations, in short by consent; and his sixth plea was as follows :—

"That plaintiff ought not to have or maintain his aforesaid action against him, because he says, that after the making of said several promises and undertakings in said declaration mentioned, and before the commencement of this suit, said plaintiff and one Archibald G. Jones were indebted to Malcolm Johnston and Samuel Johnston, as administrators of James M. Calloway, deceased, in a large sum of money, to-wit, the sum of $1,500 principal debt, and $170 interest thereon up to the 7th day of March, 1839, and in the further sum of $20 18 costs, by a judgment recovered in behalf of the said James M. Calloway, now deceased, against said plaintiff and said Archibald G. Jones, on said 7th March, 1839, in the Superior Court of Taliaferro county in the State of Georgia, which said court had jurisdiction of said cause; that said Malcolm and Samuel Johnston, administrators of said James M. Calloway, deceased, afterwards, to-wit, on the 7th day of March, 1842, did make an affidavit, in pursuance of the statutes of the State of Georgia, of the amount of the demand due to them, as such administrators, by said plaintiff and A. G. Jones, and that they were apprehensive of the loss of the same, or some part thereof, unless summons of garnishment issued, and at the same time did give bond and security, as required by the laws of said State of Georgia, conditioned to

pay and satisfy all costs which might be incurred by said plaintiff and A. G. Jones, or either of them, in case they discontinued or were cast in their said suit, and also all damages which might be incurred against them for suing out said process of garnishment; that the clerk of said Superior Court of said Taliaferro county, on the day and year last aforesaid, did issue a summons of garnishment, in pursuance of said affidavit and bond so made and given as aforesaid, and the same was afterwards, to-wit, on the 7th day of March, 1842, served on this defendant, requiring him to be and appear before said Superior Court on the first Monday in September next thereafter, to answer on his oath as garnishee of the said plaintiff and A. G. Jones; that this defendant afterwards, to-wit, on the 7th day of March, 1843, during the session of said Superior Court, filed his answer in writing in said court, as the garnishee of said plaintiff and A. G. Jones, which said answer was in the words and figures following," &c.

The garnishee's answer, which is then set out at length in the plea, admits an indebtedness to said Larkin R. Gunn to the amount of $2,011 58, cash in hand, the proceeds of certain notes placed by him in the garnishee's hands, and that he has in his possession certain executions, issued from justices' courts, on judgments rendered on others of said notes. The plea then avers, " that afterwards, to-wit, at the same term of said Superior Court, a judgment was rendered against him, on his said answer as garnishee of plaintiff and A. G. Jones, in favor of said Malcolm Johnston and Samuel Johnston, administrators of said James M. Calloway, deceased," which judgment is then set out *in extenso;* " that defendant afterwards, to-wit, on the 8th day of March, 1843, did deposit with the clerk of said court the executions mentioned in his said answer, and specified in said judgment, in pursuance of the order of said court contained in said judgment; and did afterwards, to-wit, on the 14th day of March, 1843, pay off and discharge said judgment in full, so rendered against him as the garnishee of said plaintiff and A. G. Jones. And this defendant avers, that said Superior Court of Taliaferro county, in the State of Georgia, had jurisdiction to issue said summons of garnishment, and to give judgment against this defendant on his said answer, as garnishee of said plaintiff

and A. G. Jones ; that the indebtedness by him to said plaintiff, as set forth and contained in his said answer, upon which said judgment was so rendered against him, and which was so paid off and satisfied in full by him, was the very same identical indebtedness as that now declared on and contained in plaintiff's said declaration ; that the entire indebtedness then due by him to said plaintiff was attached and condemned by said Superior Court of Taliaferro county, Georgia, to pay and satisfy said judgment in favor of said James M. Calloway, deceased, against said plaintiff and A. G. Jones, which said judgment, with interest, amounted to a larger sum than was then due by this defendant to said plaintiff ; and that said judgment, so rendered in favor of said Malcolm Johnston and Samuel Johnston, as administrators of said James M. Calloway, deceased, against this defendant, as garnishee as aforesaid, up to the time of its said payment and satisfaction, to-wit, on the 14th of March, 1843, remained in full force and effect, not in the least reversed, satisfied, or made void. And this he is ready to verify by the said record," &c.

A demurrer to this plea was interposed, and overruled.

On the trial, as the bill of exceptions states, " the plaintiff proved, that he had in the hands of an agent, residing in said Taliaferro county, Georgia, notes, or evidences of debt, amounting to about $2,500 ; that about the year 1840 an agreement was entered into between himself and the defendant, both of whom then resided (and have since continued to reside) in Alabama, that said defendant, who was about visiting Georgia on business of his own, and who was indebted in that State, should take charge of these notes and evidences of debt belonging to plaintiff, and should account to plaintiff for the amount he might collect thereon, and for the amount of the demands he might use in payment of his own debts ; that defendant, in pursuance of this agreement, went into Georgia, took charge of said demands belonging to plaintiff, put the same in the train of collection, and returned home ; that he again went into Georgia, in March, 1842, and succeeded in collecting the sum of $2,267 90 on plaintiff's said demands, and, after deducting therefrom the expenses of collection and for his services, and the further sum of $144 53 paid to plaintiff before the collection of the money on his said

demands, had left in his hands, belonging to plaintiff, the sum of $2,011 58, besides other judgments on which the money could be made, which sum ($2,011 58), upon his return home, he refused to pay over to plaintiff, and to recover which this suit is brought."

The defendant then offered in evidence, in support of his sixth plea, a transcript of the record of the garnishment suit therein referred to, which may be thus described : It commences with the original petition which was the foundation of the action brought by James M. Calloway against Larkin R. Gunn and Archibald G. Jones, on the filing of which a summons was issued, which was returned executed on Gunn by the sheriff. The defendant's plea and answer is then set out; after which follow the verdict of the jury, in favor of the plaintiff, and the judgment thereon rendered on the 7th March, 1839. On this judgment an execution was issued on the 14th March, 1839, in which the judgment is described as having been rendered in favor of Malcolm Johnston and Samuel Johnston, as administrators of Calloway, and on which the sheriff made the following return : "I know of no property subject to the within fi. fa., this 16th March, 1839." The affidavit made by Malcolm and Samuel Johnston, administrators of said Calloway, on the 7th March, 1842, to procure the issue of a garnishment on this judgment, and the bond given by them, next appear in the transcript. No writ, or other process of garnishment, appears in the record ; but on a certified copy of the affidavit, issued by the clerk, the sheriff returns that he has summoned Isaac Howell as garnishee to appear and answer at the next term of the court, on the first Monday in September next. In answer to this summons, the garnishee filed a plea on the 7th March, 1843, alleging that he was a non-resident, and therefore not subject to the process ; but the court overruled his plea, and ordered him to answer. The answer of the garnishee, and the judgment thereon rendered by the court, condemning the money in his hands admitted by the answer, are then set out; and the clerk's receipt for the executions, which the garnishee was ordered to hand over to him, together with Malcolm Johnston's receipt for the amount of the judgment ($2,011 58), dated 14th March, 1843, are annexed. The certificates of the

clerk and judge, appended to the transcript, seem to be correct, and no objection was raised to them.

"Evidence was further introduced, tending to show that the defendant, while he was temporarily in the State of Georgia in March, 1842, and after the collection of the money by him, and before his return and refusal to pay over the money, was served with a writ of garnishment, as shown by said record. The defendant read in evidence, also, the first section of the third article of the constitution of the State of Georgia, found in Prince's Digest, on page 909. From the same book was read, on pages 36 and 37, 'an act to authorize parties plaintiff to issue summons of garnishment in certain cases as in cases of attachments,' of December 23, 1822 ; also, 'an act to amend an act to authorize parties plaintiff to issue summons of garnishment in certain cases as in cases of attachments,' passed December 23, 1822, approved December 20, 1823 ; also, on page 41, an act which was passed on the 22d December, 1834, together with the third section of an act (on page 33) passed 14th November, 1814 ; and all the laws of Georgia, in force, on the subject of garnishment and jurisdiction.

"Upon this state of proof in the cause, the following charges were severally asked by the plaintiff, and refused by the court :—

"1. If the jury should believe from the evidence, that judgment was rendered in favor of James M. Calloway, on the 7th March, 1839, and that execution was issued on this judgment on the 14th of the same month, and was returned by the sheriff in these words, 'I know of no property subject to the within *fi. fa.*, this 16th March, 1839',—this was not such an issuance and return as was required by the statutes of Georgia, so as to authorize the issuance of garnishment process against a defendant in said judgment in favor of Malcolm Johnston and Samuel Johnston, as administrators of said Calloway.

"2. If they should believe that a judgment was rendered in favor of James M. Calloway, in March, 1839, and that execution was issued and returned as shown by the record, that such issuance and return *would not, after the decease of said Calloway, and the revival of said judgment in favor of his admin-*

*istrators* (?) and that although a judgment might, under such proceedings, have been rendered in favor of the administrators of Calloway, against the present defendant,—that the payment by him of a judgment rendered under such circumstances would not justify the defendant, nor prevent a recovery by the plaintiff in this suit.

" 3. If they should believe from the evidence that the defendant, at the time of the service of the garnishment, as disclosed by the record, was not a citizen of Taliaferro county, Georgia, then he was not subject to the proceedings by garnishment disclosed by the record, and that the payment disclosed by the record would not defeat the right of the plaintiff to recover in this suit.

" 4. If the jury should believe from the evidence that the present plaintiff and defendant, at the time of the service of the garnishment disclosed by the record, were resident citizens of Alabama, then the defendant was not subject to the process of garnishment therein disclosed ; and if they believe that the record shows all the proceedings had against him as garnishee, that the payment of a judgment rendered under such circumstances would not defeat a recovery by the present plaintiff in this suit.

" 5. If they believe from the evidence that the defendant, as garnishee, failed to appear or answer at the court to which he was required to appear and answer, and that no order, *scire facias*, rule, or other proceedings were then had or ordered against him,—then his appearance and answer at a subsequent term were voluntary on his part ; and if he submitted to a judgment under such circumstances, and then paid the same to the parties plaintiff, such judgment and payment would not defeat plaintiff's recovery in this suit.

" 6. If the jury believe that a judgment was rendered against the present defendant, and that he paid the same, as shown by the record read in evidence, that such payment will not defeat a recovery by the plaintiff in this suit.

" 7. That the record read in evidence, with the statutes of Georgia, does not disclose such proceedings, judgment, and evidence of payment, as would bar the right of the present plaintiff to recover in this action, if they believe that plaintiff and defendant, at the time such proceedings were had, were citizens of Alabama.

" The court refused these charges, and then charged the jury, that although there might be irregularity in the proceedings by garnishment shown by the record, yet, if the defendant paid the judgment rendered against him in good faith, such payment would operate as a full defence to this suit, to the extent of such payment, and would to that extent bar the plaintiff's right to recover."

The plaintiff excepted to the charge given, and to the refusals to give the charges asked ; and he now assigns these matters for error, together with the overruling of his demurrer to the sixth plea.

NOTE BY REPORTER.—This case was submitted at the January term, 1851, and was held under advisement until the present term. During the intermediate period, several opinions were, at different terms, pronounced ; each of which was afterwards withdrawn, and a rehearing awarded. The arguments of the respective counsel have thus become too voluminous for publication, while it is almost impossible to compress them within the ordinary limits of a brief. The annexed abstracts present only the main points of the arguments, with the authorities cited.

NAT. HARRIS, GEO. W. GUNN, JAS. E. BELSER, and M. ANDREWS, for the plaintiff in error, contended,—

1. That the demurrer to the sixth plea should have been sustained, because that plea was fatally defective in not setting out the statutes of Georgia under which the judgment against Howell was rendered. The common law is presumed to exist in the different States of the Union, unless shown to have been changed by statute.—Averett v. Thompson, 15 Ala. '78, and numerous other decisions of this court. The process of garnishment is unknown to the common law, and dependent entirely upon statutory regulations ; and the statutes, therefore, under which this proceeding was had, should have been set out, either in extenso or substantially, in order that the court might see that they authorized it. When a foreign judgment is pleaded as a bar to an action, it must affirmatively appear that the court by which it was rendered had jurisdiction.—Story's Conflict of Laws, §§ 586, 549 ; 1

Gunn v. Howell.

Greenl. Ev. § 542; Blair v. Rhodes, 5 Ala. 648; Gaines v. Beirne & McMahon, 3 *ib.* 114; Puckett v. Pope, 3 *ib.* 552; Bissell v. Briggs, 9 Mass. 462; Sumner v. Parker, 7 *ib.* 79; Wales v. Willard, 2 *ib.* 120; 5 Blackf. 462; 1 Binney's R. 25; 1 Bibb's R. 262; 17 Conn. 500. No presumption can be indulged in favor of the jurisdiction of the Georgia court, because the plea does not aver that it was a court of general jurisdiction ; and even that averment would not be sufficient, because the proceeding by garnishment is strictly statutory, and renders the court, *quoad hoc*, limited and special. The averment that the court had jurisdiction, is but the allegation of a legal conclusion, and amounts to nothing.

The plea is fatally defective in several other particulars, which are presented also by the charges asked, as to the validity and effect of the judgment offered in evidence, in connection with the statutes of Georgia.

2. That the several charges asked should have been given, since the judgment set up by the defendant, under the statutes read in evidence, was a mere nullity, and its payment therefore was no protection to the defendant.

The original judgment was in favor of James M. Calloway, and the execution issued on it was in favor of Malcolm Johnston and Samuel Johnston as his administrators ; while the record does not show that the judgment was ever revived in their names. The execution, therefore, was wholly void. Holloway v. Johnson, 7 Ala. 660; Elliott v. Mayfield, 3 *ib.* 224; Bacon's Abr., tit. Executions, 716. The return made by the sheriff, even if the execution had been regular and valid, was not sufficient to authorize the process of garnishment.

The proceedings against the garnishee are wholly irregular and void, under the statutes of Georgia. No writ, or summons of any kind, was executed on the garnishee ; and the garnishee himself, being a non-resident, was not subject to the process. As the garnishee did not appear at the term to which he was summoned, and no judgment, *scire facias*, or other order was then taken against him, his subsequent appearance and answer were purely voluntary, and he can claim no right under them. Finally, the judgment against the garnishee is rendered in favor of Malcolm Johnston and

Samuel Johnston individually, and not as administrators of said James M. Calloway.

The receipts found in the transcript, though certified by the clerk, are not a part of the record, and cannot be looked to for any purpose; and there was, therefore, no evidence of the payment of the judgment against the garnishee.—Key v. Vaughan, 15 Ala. 499; Mills & Co. v. Stewart, 12 *ib.* 90; Hodges & Puckett v. Ashurst & Sons, 2 *ib.* 301; Savage v. Benham, 11 *ib.* 50; Ice v. Manning, 3 *ib.* 121; Brown v. Hicks, 1 Pike, 232; Mayo v. Johnson, 4 *ib.* 613; 20 Pick. 345; 13 Conn. 63.

S. F. RICE and ROBERT BAUGH, *contra*, insisted,—

1. That a judgment of a superior court of Georgia, under the constitution of the United States, has the same credit, validity, and effect in Alabama, as in Georgia; and nothing can be here pleaded or replied to it, which could not be pleaded or replied to it there.—Hampton v. McConnell, 3 Wheat. 234; Mills v. Duryee, 7 Cranch, 481; 4 Phill. Ev. (ed. 1850), 100; 6 Barb. (S. C.) R. 613.

2. It is apparent from the constitution of Georgia that the superior court is a court of general civil jurisdiction, and the courts of this State will take judicial notice of the constitution of Georgia.—4 Phill. Ev. (ed. 1850), 105–6; Dozier v. Joyce, 8 Port. 312; Keith v. Estill, 9 *ib.* 669; Clarke v. Day, 2 Leigh's R. 172.

3. It is an acknowledged principle, of universal obligation, resulting from the respect and comity due from one judicial tribunal to another, that a judgment of a court of record of a sister State, in itself, is *prima facie* evidence of jurisdiction; and it is not necessary for the party pleading it to set out affirmatively in his plea the facts upon which the power and authority of the court pronouncing the judgment depend. Elliott v. Piersol, 1 Peters, 340; U. S. Bank v. Merchants' Bank of Baltimore, 7 Gill's R. 415–30, and cases there cited. When general powers over a whole subject-matter are conferred by statute on a court of general jurisdiction, although its jurisdiction over the subject-matter must appear on the face of its proceedings, every intendment will be made in favor of the regularity of its proceedings. The distinction is

between the exercise of a special authority, delegated by statute to a special and limited tribunal, and the exercise of a general authority over the subject-matter, conferred by statute upon a court of general jurisdiction.—The State v. Lewis, 2 Zabr. 564; Kemp's Lessee v. Kennedy, 5 Cranch, 173–86; Doty v. Brown, 4 Howard's Practice R. 429; Scott v. Coleman, 5 Litt. 350.

4. Whether the garnishment process was in pursuance of the statute is entirely immaterial ; for, although the process may be irregular, yet, if the court had jurisdiction of the process, and rendered judgment against the defendant on personal service, the payment of the judgment is a complete defence. He was not bound to move to quash for mere irregularities, nor to reverse for errors, while the court had jurisdiction both of the person and subject-matter.—McGill v. Bone, 13 Sm. & Mar. 592; Hull v. Blake, 13 Mass. 155; 4 Cowen's R. 521; 1 Porter's R. 192; Parmer v. Bullard, 3 Stew. 326; Smith v. Chapman, 6 Port. 365; Daniel v. Hopper, 6 Ala. 296; Duncan v. Wares, 5 Stew. & P. 119; 6 Barb. (S.C.) R. 613; 6 Humph. 43; Goodrich v. Jenkins, 6 Ohio, 44; Arndt v. Arndt, 15 *ib.* 33; Anderson v. Anderson, 8 *ib.* 108.

GOLDTHWAITE, J.—The first question presented upon the record, is as to the sufficiency of the sixth plea.

This plea sets out a judgment against the appellant, Gunn, who was the plaintiff below, and one Jones, in favor of James M. Calloway, rendered in the Superior Court of Taliaferro county, Georgia, which court (it avers) had jurisdiction. It then avers, that the administrators of Calloway, Malcolm Johnston and Samuel Johnston, made affidavit, pursuant to the statute of the State of Georgia, of the amount of the indebtedness, &c., and at the same time gave bond and security, as required by the laws of Georgia, conditioned, &c.— the issue of the summons of garnishment, service of the same on the defendant, a judgment of condemnation on his answer, and the payment of such judgment,—all before the institution of the present action ; and it also alleges, that the court rendering the judgment upon the proceedings by garnishment had jurisdiction, and that the debt condemned is the same with that sued for.

43

We do not understand it to be insisted that the facts alleged in the plea would not have been a full defence, if the laws of Georgia which governed the proceeding had been set out, and it had appeared from those laws that the court which rendered the judgment upon the garnishment had jurisdiction. This is, in fact, a settled question in this court.—Mills v. Stewart, 12 Ala. 90. The objection urged is, that the law of the State in which the proceedings were had is not set out, either literally or substantially.

It may be conceded, as a general rule, that where a party claims a right, based not upon the common law, but the law of a foreign jurisdiction, it devolves upon him to prove, as a fact, the law upon which the claim or right which he asserts depends (Cockrell v. Gurley, at the last term) ; and under the application of this principle to the rules of pleading, he would be required to set out the law or statute under which he claimed, in order that the court might see that the right claimed was in conformity to it.

This rule, however, is not of universal application, and, if it applies to foreign judgments proper, does not extend to judgments of a sister State, which by the constitution of the United States (Art. IV, § 1), requiring "full faith and credit" to be given them, are placed rather on the footing of domestic judgments, and, when duly authenticated and proved, are evidence *prima facie* of jurisdiction ; so that, in pleading them, it is not necessary to set out affirmatively the facts upon which the power and authority of the court pronouncing the judgment, depends.—Mills v. Stewart, *supra ;* Scott v. Coleman, 5 Litt. 350 ; Bank of the United States v. Merchants' Bank at Baltimore, 7 Gill, 415, and cases cited. We are aware that decisions are to be found recognizing a contrary doctrine, but they are founded upon the principles of the common law with reference to foreign judgments proper, and in all of them which we have found in the American courts, the effect of the constitutional clause we have referred to does not appear to have been considered. On the other hand, the cases which we have cited rest, as we think, upon sound principle, and are conclusive as to the sufficiency of the plea.

On the trial of the cause, as appears from the bill of excep-

tions, certain portions of the statutes of Georgia, which it is supposed authorized the proceeding in relation to the garnishment, were read in evidence, as well as the first section of the third article of the constitution of that State, which invested the superior courts with general and unlimited jurisdiction in all civil cases; and it is insisted, that, under these statutes, the judgment rendered upon the garnishment was void, and this question is raised by the charges asked.

The act of 23d December, 1822, (Prince's Dig. pp. 36, 37,) by its first section, authorizes the plaintiff in any suit pending, or his attorney, on making affidavit of the debt or demand supposed to be due, and that he is apprehensive of the loss of the same, or some part thereof, unless a summons of garnishment issue, to issue such summons, directed to any person supposed to be indebted to the defendant, requiring the garnishee to appear at the next term of the court, and answer to such indebtedness. The second section is in these words: "In all cases, where judgment has heretofore been obtained, or may hereafter be obtained, it shall be lawful for the plaintiff, his agent, or attorney, to issue summons of garnishment, returnable to the superior, inferior, or justice's court, as the case may be, to be directed, and requiring the garnishee to depose, in like manner as in the preceding section; *provided*, that the plaintiff, his agent, or attorney, shall, if required by the defendant, or garnishee, or by any plaintiff holding a younger judgment or execution, or his attorney, swear that he believes the sum apparently due and claimed on said judgment or execution is actually due; and *provided, further*, that the sheriff, or his deputy, or constable, shall enter on said execution that there is no property of the defendant to be found."

The last proviso to this section certainly contemplates that, before a summons of garnishment can be sued out, an execution must first issue, and be returned "no property." This is necessary to entitle the plaintiff to the remedy given by the act, which is not in conformity with the course of the common law. The rule is, that where a court of general jurisdiction has a special authority conferred upon it by statute, it is, *quoad hoc*, an inferior or limited court.—Stevens v. Wilson, 5 Har. & Johns. 130; Thatcher v. Powell, 6 Wheat. 119; Den-

ning v. Corwin, 11 Wend. 647; Smith v. Fowle, 12 *ib.* 9. In our own court, in affirmation of this principle, we have invariably held, in summary proceedings based upon a statute, that everything required by the statute essential to the exercise of the right, was necessary to the jurisdiction of the court, and must appear from its proceedings.—Bates v. P. & M. Bank, 8 Port. 99 ; Ford v. Bank of Mobile, 9 *ib.* 471 ; Andrews v. Branch Bank at Mobile, 10 Ala. 375; Levert v. P. & M. Bank, 8 Port. 104 ; Clements v. Branch Bank at Montgomery, 1 Ala. 50. So, in Taliaferro v. Lane, 23 Ala. 369, we held an attachment against a domestic administrator, where the affidavit of the plaintiff did not show that the intestate, at the time of his death, was a resident of the State, void, on the same ground.

In the case at bar, the statute of Georgia under which the administrators of Calloway asserted the right to proceed by garnishment, did not confer that right upon them, unless, as we have seen, an execution had been issued upon the judgment, and returned "no property." It is not necessary by the act, that this should appear, either in the affidavit, or the summons, but it is a fact upon which the authority of the party and of the court to proceed depends ; and as it is the duty of the latter to determine, whether the law in this respect had been complied with, it is necessary that the record should affirmatively show that it was done. If the court should determine the fact incorrectly, it would be error, but it would not affect the validity of the judgment. In a case like the present, whether the jurisdictional fact actually existed, cannot be collaterally inquired into, if the tribunal to whose cognizance the question is referred, determined it to exist; but if the record fails to show the fact, either actually, or by the determination of the court, then the basis on which the right to the special remedy rests is wanting, and the whole proceeding is void.

The record of the case would properly consist of the affidavit and summons, with the return of the officer, the answer of the garnishee, either incorporated into the judgment or the bill of exceptions, or identified by an entry of the court.— Saunders v. Camp, 6 Ala. 73 ; Jones v. Howell, 16 Ala. 695. Neither the judgment against the original debtor, nor the

execution issued upon it, is, properly speaking, any portion of the record upon the proceeding in garnishment. They are simply evidence, and, unless shown in one of the modes indicated above to have been legitimately made a part of the record, cannot be regarded as such, when they do not appear to be connected with the proceedings in any way, merely from the fact that they are certified as such by the clerk of the court.—Bates v. P. & M. Bank, *supra;* Mills v. Stewart, *supra.*

But, were we to regard the judgment against Gunn and Jones, and the execution, which is certified with the proceedings on the garnishment, as forming a portion of that record, we are still of the opinion, that they fail to show the essentials necessary to the jurisdiction of the court. The judgment against the garnishee fails to show that the action of the court was based in any respect on that execution; and in proceedings of this character, nothing is to be taken by intendment. *Per* Ormond, J., in Bates v. P. & M. Bank, *supra.* It cannot be regarded as evidence of the existence of the jurisdictional fact, for the reason, that it does not correspond with the judgment, which is in favor of James M. Calloway, while the execution is, in legal effect, in the name of different persons, and purports to be on a judgment recovered by them. Even were we to regard it as issued upon the judgment recovered by Calloway in the name of his administrators, the execution, without a revival of the judgment by them, would be void (Stewart v. Nuckles, 15 Ala. 225), and could not, therefore, be regarded as a valid foundation for a right.

It not appearing from the record that an execution had issued on the judgment in favor of the creditor, we are of opinion, that the judgment against the garnishee was void for want of jurisdiction.; and in arriving at this conclusion, we have not considered it necessary to refer particularly to the other portions of the laws of Georgia which the bill of exceptions shows were in evidence, for the reason, that they do not affect that part of the act of December, 1822, which we have already examined, and which, in the absence of evidence showing its repeal, must be regarded as controlling the case.

As the questions we have considered will probably be decisive of the case upon another trial, we deem it unnecessary to consider any other question.

Judgment reversed, and cause remanded.