## LEWIS *vs.* DUBOSE & CO.

[SUIT COMMENCED BY ORIGINAL ATTACHMENT—JUDGMENT ON ANSWER OF GARNISHEE.]

1. *Answer of garnishee held part of record.*—Where the judgment purports to be predicated on the answer of the garnishee "now on file," and the record does not show that the plaintiff required an oral answer, the appellate court will presume that the written answer set out in the record, though not marked filed, is the answer referred to in the judgment.
2. *Clerk of Mobile city court cannot issue original attachment.*—The case of Stevenson v. O'Hara, 27 Ala. 362, as to the power of the clerk of the city court of Mobile to issue original attachments, re-affirmed.
3. *When garnishment will not lie for money in hands of clerk.*—When perishable property is seized under a void attachment, and sold under an order of court, process of garnishment does not lie, at the suit of a creditor of the defendant in attachment, to subject the proceeds of sale in the hands of the clerk.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

IN this case, an original attachment was issued, at the suit of J. C. Dubose & Co., against Hull, Robinson & Co.; and the appellant, who is the clerk of the city court of Mobile, was summoned as garnishee. Judgment by default was rendered against the defendants in attachment, and at the same term a judgment was rendered against the garnishee, on his answer. The record contains a written answer by the garnishee, which purports to have been "sworn to and subscribed in open court," but which is not marked filed. The garnishee brings the case to this court, and assigns as error the judgment rendered against him.

ROBERT H. SMITH, for the appellant.

F. S. BLOUNT, and CHAMBERLAIN & ROBINSON, *contra.*

WALKER, J.—The judgment entry in this case contains the following language: "It appearing to the court, from the answer of said garnishee *now on file,* that he is indebted to the defendant," &c. In the transcript an answer by the

defendant in garnishment is set out, though not marked filed. The Code authorizes answers to garnishments to be made in writing.—Easton v. Lowery, at the present term. The judgment, upon its face, purports to be founded upon an answer on file. It does not appear from the record that the plaintiff, under section 2540, required the garnishee to answer orally. We must intend that the clerk has placed upon the record the answer in writing made by the garnishee under the authority of the Code, and referred to in the minutes of the court, as being on file and constituting the basis of the judgment entry.—Jones v. Howell, 16 Ala. 695; Price v. Thompson, 11 Ala. 875; Fortune v. State Bank, 4 Ala. 385; Saunders v. Camp, 6 Ala. 73; Gaines v. Beirne & McMahon, 3 Ala. 114.

The answer shows that the garnishee, who was the clerk of the city court of Mobile, issued several attachments, one of which was in favor of the plaintiffs in this case, and all of which were against the defendants, Hull, Robinson & Co. These several attachments were levied on boxes of merchandise, which were sold under an order of court. The proceeds of the sale were paid over to the clerk, who is the garnishee. The several attachment suits were afterwards dismissed, and the money arising from the said sale remains in the hands of the garnishee. Upon these facts, can those funds be attached by the creditors of Hull, Robinson & Co., in the hands of the clerk?

The majority of this court prefer to adhere to the opinion in the case of Stevenson v. O'Hara, 27 Ala. 362. Under the principles settled in that case, the attachments issued by the clerk of the city court of Mobile were void. The defendants in the attachments may sue for and recover the property sold, if it can be found, or may bring an action for the tort committed; or they may waive the tort, and sue the clerk in assumpsit for the money arising from the sale of the property under the void attachment. But because the owners of the property wrongfully sold might maintain an action of assumpsit to recover the proceeds of the sale, it does not follow that the money can be attached by the creditors. The creditors have no right to waive the tort, or to surrender the right to recover back the property, or to release the damages against

the tort-feasor. Those are rights which appertain to the owner of the property alone, and his creditors cannot defeat them by bringing a garnishment proceeding against him who may have the funds arising from the sale of the property.— Lundie v. Bradford, 26 Ala. 512. Until the owner of the property has made his election to sue for the money, which may be done by bringing an action for it, the person having the money cannot, in any just sense, be deemed his debtor. To allow the money to be taken in attachment, might be productive of confusion and wrong. It could not prevent the owners of the property from suing for its recovery, or for the damages, and would yet concede to them the benefit of the appropriation of the money to the payment of their debts, and leave the clerk who received the money without the means of reimbursing the person against whom an action might be brought.

The judgment of the court below must be reversed, and judgment here rendered, dismissing the garnishment, and imposing the costs in this court and the court below upon the plaintiff.