## HOWARD *vs.* GILBERT.

[BILL IN EQUITY FOR REMOVAL AND APPOINTMENT OF TRUSTEES.]

1. *Appointment of trustee by register in chancery.*—Neither the act of 1843, (Clay's Digest, 350, § 33,) nor the act of 1846, (Session Acts, 1845–6, p. 16,) authorized the appointment of a trustee by a register in chancery, under a petition which simply alleged that the trustee in Georgia, where the trust was created, was desirous of delivering the property to a trustee appointed here; consequently, such appointment is void for want of jurisdiction.

2. *When cestuis que trust may come into equity, and what relief they may obtain.*—Where a bill is filed by the beneficiaries under an express trust, praying for the removal of the alleged trustee, the appointment of another trustee in his stead, an account, and general relief; and shows on its face that the appointment of the alleged trustee is absolutely void, it may nevertheless be maintained against him, as if filed to recover the trust property wrongfully in his possession, and to have a trustee appointed to execute the trust.

3. *When husband may join with wife in bill; presumed existence of common law elsewhere.*—At common law, (which, in the absence of proof to the contrary, is presumed to exist in another State,( if the wife's distributive share of a decedent's estate was settled, by a decree in equity, on trustees for her and her children, without excluding the

husband's marital rights, he had such an interest in the trust property as would authorize him to join with his wife and children in a bill to recover it from one who wrongfully had possession of it, and to have a trustee appointed.

APPEAL from the Chancery Court of Russell.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 11th June, 1859, by Benjamin Howard, Keron H. Howard, his wife, and their four children, against William E. Gilbert, Samuel Ray, and Emily P. Ray. Its object was to compel an account of certain trust property in said Gilbert's hands as trustee, to have him removed from the trust, and another trustee (or receiver) appointed in his stead; and it also prayed for an *injunction*, to prevent said Gilbert from removing with the property beyond the limits of the State, and for other and further relief as the equity of the case might require.

William E. Gilbert and Mrs. Ray were the children of Mrs. Howard by a former husband. In 1838, one David J. Britt, who was a brother of Mrs. Howard, died in Georgia, (where all the parties then resided,) intestate, and leaving as his heirs-at-law his six brothers and sisters and his father. A bill in equity was there filed for the distribution of his estate, under which which a decree was rendered, on the verdict of a jury, on the 21st December, 1839, dividing the negroes and other property into seven equal portions, and allotting one portion to each of the parties in interest; the verdict directing Mrs. Howard's portion to be allotted "to Thomas Livingston and Hugh Watts, (selected by the parties,) as trustees for the use of Keron H. Howard and her children that she now has, or may hereafter have." Watts refused to act as trustee, but Livingston accepted the trust, received the trust property into his possession, and continued to manage and control it, until some time in February, 1848, when he transferred it to said William E. Gilbert, who had been appointed trustee in his stead by the register in chancery at Crawford, in Russell county, Alabama.

The order appointing Gilbert, and the petition asking his appointment, are nowhere set out in the record, though the

minute of the testimony offered by the complainants speci-
fies a copy of these proceedings as having been read on the
hearing. The only allegation of the bill, in reference to the
appointment of Gilbert, is, that he filed his petition before
the register in chancery, on the 3d February, 1848, alleging
" that Thomas Livingston, of Muscogee county, Georgia,
had possession of such trust property, and was desirous of
delivering it to any person appointed trustee under such
petition," and praying "the appointment of a trustee to
have and to hold said property, and to remove the same
within the State of Alabama"; and that said Gilbert was
appointed trustee by the register in chancery, under said
petition, on the 7th February, 1848. The bill alleged,
that Gilbert had been guilty of various acts of misconduct
in his management of the trust property, and was about to
remove with the property beyond the limits of the State.
The prayer of the bill was, "that an injunction issue, com-
manding said Gilbert to refrain from removing himself or
property out of the State, until the further order of this
court, and commanding the proper officer to take said Gil-
bert into custody until he shall give bond, with sufficient
sureties, not to remove his person or property out of the
State until the further order of this court; and that the
said Gilbert account fully and fairly concerning the said
trust property; and that the said Gilbert be removed from
said trusteeship; and that a receiver be appointed"; and
for other and further relief, according to the equity of the
complainants' case.

Ray and wife, who were made defendants on an allega-
tion that they refused to join as complainants in the bill,
filed an answer, disclaiming all interest. Gilbert also filed
an answer, denying all the charges of misconduct on his part
as trustee, but admitting all the other allegations of the
bill. On final hearing, on pleadings and proof, the chan-
cellor dismissed the bill, on the ground that the evidence
failed to establish any misconduct on the part of Gilbert as
trustee; and his decree is now assigned as error.

GEO. D. HOOPER, for appellants.
GOLDTHWAITE, RICE & SEMPLE, contra.

A. J. WALKER, C. J.—William E. Gilbert, the defendant, was appointed trustee of the specified trust, in 1848, by the register in chancery for Russell county. The trust originated in the State of Georgia; and there was, at the time of the register's appointment, an acting and surviving trustee in Georgia, appointed by a court in that State. The petition by William E. Gilbert, for his appointment, is placed on the ground, that the property of the trust was in the possession of the trustee in Georgia, and that such trustee was desirous of delivering it to any person appointed under that petition. These facts are alleged in the bill, and admitted by Gilbert, the only defendant who has any interest, and does not disclaim all interest in the suit. They must, therefore, be treated as true.

In 1848, there were only two acts authorizing a register in chancery to appoint a trustee. Those were the act of 1843 (Clay's Digest, 350, § 33), and the act of 1846 (Pamphlet Acts, p. 16). The former authorized the register to appoint, in the event of the death of a trustee. The latter extends the authority, and includes cases where the trustee dies, resigns, fails, or refuses to act, or removes beyond the limits of the State. Neither of the contingencies presented in these two statutes had occurred when the register in chancery made the appointment. The register, in appointing a trustee, constitutes a tribunal of special and limited jurisdiction conferred by statute; and exercising the authority to appoint in any other than the specified cases, his decree is void.—*Gunn v. Howell*, 27 Ala. 663. The order appointing Gilbert trustee is simply void.

[2.] The defendant Gilbert stands, therefore, in the position of one having without legal authority the property of the trust in his possession; and the bill may be regarded as one filed by a part of the *cestuis que trust*, to recover from one wrongfully holding the trust property, and to obtain the appointment of a trustee to execute the trust. In this point of view, the equity of the bill is sustained, and the chancellor should not have dismissed it.

[3.] The decree of the Georgia court, as it is represented in the bill, did not vest a separate estate in Mrs. Howard;

46

and her husband would certainly be entitled to join with her in a suit to protect her interest in the trust property. The answer admits the correctness of the bill in this particular. The common law must be presumed to prevail in Georgia; and under it, the husband certainly had an interest, such as to justify the joining him as a complainant.

Decree reversed, and cause remanded.