# Dismukes *v.* Jones.

## Damages for Trespass of Stock.

(Decided June 6, 1907.   44 South. 22.)

1. *Animals; Running at Large; Stock Law; Election; Petition; Sufficiency.*—Under the provisions of Acts 1900-01, p. 170, a petition seeking to "'restrain" stock from running at large is sufficient to authorize the probate judge to order an election.

2. *Same; Certificate of Result   Election.*—Notwithstanding the Acts of 1900-01, p. 170, provides for the appointment of two managers to hold the stock law election, such election is not void because the result was certified by only one of the managers, and hence, is not subject to collateral attack.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by John S. Jones against L. W. M. Dismukes. Judgment for plaintiff, and defendant appeals. Affirmed.

This was a suit begun by appellee against appellant to recover damages for permitting stock to run at large upon land in the district in which stock is not permitted to run at large. It is set up by way of plea that the act under which the election was held required that the result be certified to the probate judge by two managers, but that one declined and failed to certify, and that the election was therefore void. Upon these issues the order establishing the district was sought to be introduced by the plaintiff. It shows all the jurisdictional facts, and also shows that the manager opposing the election refused to certify. Objection was interposed on these grounds, because it does not affirmatively appear, from said record or otherwise, that the managers who held said election ever certified the result thereof to the pro-

bate judge, and because it does affirmatively appear that only one of the managers ever certified the result.

GOODHUE & BLACKWOOD, for appellant.—The authority of the probate judge to enter the result of the election on the minute book must affirmatively appear.—*Miller v. Jones,* 80 Ala. 89; *Toole v. The State,* 88 Ala. 158. The acts of the judge in entering the result are ministerial and not judicial.—*State ex rel. Turner v. Bradley,* 134 Ala. 550; *Flowers v. Grant,* 129 Ala. 275. Neither the petition for the election nor the certificate of the result of the election complied with the requirements of the statute—Acts 1900-01, p. 170.

DORTCH, MARTIN & ALLEN, and HOOD & MURPHREE, for appellee.—The petition was not defective on account of the use of the word, "restrain" instead of "prohibit".—*Smith v. Town of Warrior,* 99 Ala. 481. The regularity of the election and the entry of the result cannot be collaterally attacked in this proceeding.—*Montgomery v. Henry,* 144 Ala. 629; *Stansil v. Court or Revenue, Dallas County.*

ANDERSON, J.—The act regulating the establishment of stock districts in Etowah county (Acts 1900-01, p. 170) among other things provides: "Said ballots at the close of the election shall be counted by the managers and the result certified to the probate judge within two days after said election. If a majority of the votes cast as certified by the managers are in favor of prohibiting stock from running at large the said probate judge shall enter on the minute books," etc. It must be observed that the proper entry of the probate judge is esential to the establishment of the stock district, and that he is authorized to make such entry upon the min-

utes only in case the result is certified to him by the managers. The probate judge has limited jurisdiction, and the right to act in this matter is by virtue of and under the authority of this act of the Legislature, and in order for said entry or declaration to be valid it should recite the jurisdictional facts: "If, before exercising authority or jurisdiction, the court must first ascertain the existence of a particular fact or particular facts, its records must show that, before proceeding to act, the facts were ascertained. The ascertainment is not presumed, or inferred, from the exercise of the jurisdiction or authority."—*Joiner v. Winston,* 68 Ala. 129; *Gunn v. Howell,* 27 Ala. 663, 62 Am. Dec. 785. We think the entry made by the probate judge, as set out in this record, shows affirmatively that the result of the election was certified by only one of the managers, notwithstanding the word "managers" is used in one part of the entry The statute gives the probate judge authority to enter the return only in the event the result is certified to him by the "managers"—not one of them—which is a condition precedent. The authorities are in conflict as to whether or not the result of an election should be certified by all of the managers, or would be sufficient if certified by a majority.—15 Cyc. 386; 10 Am. & Eng. Ency. Lew, 739. The cases where the act of a majority was held to be sufficient involved contests of election for office, and after the returns had been certified to and counted by the canvassing board. The election in this case was unlike one for office, and the law requires that the result must be certified to the probate judge by the managers before he has authority to make the entry. Moreover, the law does not provide for but two managers for holding the election in this instance, and should the majority rule apply as to certifying the result of elections of this character, there would still

[Dismukes v. Jones.]

be no majority or quorum to the certificate.—23 Am. & Eng. Ency. Law, 590.

It is insisted that the law is not so unreasonable as to leave the petitioners to the mercy of a partisan manager, opposing them, and thus permit a denial of their relief, by obstinately refusing to certify, although the election was largely favorable to them. It would seem that they could compel him to act if he disregards his duty.—*State ex rel. Thompson v. Circuit Judge of Mobile,* 9 Ala. 338; 15 Cyc. 386. But, be that as it may, we can only interpret the law as it is—not as it should be. I think the trial judge erred in not sustaining the defendant's objection to the entry of the probate judge, offered in evidence.

It is insisted by appellant that the petition did not give the probate judge authority to order the election, etc., because it seeks to "restrain" stock from running at large, and not "prohibit" as provided by the wording of the statute. This objection was hypercritical.—*Whitlock v. West,* 26 Conn. 406; *Osborne v. Kimball,* 41 Kan. 187, 21 Pac. 163.

My Brothers are of the opinion that the proceedings are not void, and were not subject to collateral attack, and the judgment of the city court must be affirmed. I think that a proper certificate was essential to give authority to the judge to make the order, and, while the order recites that the result was certified by the "managers," it specifically avers that one of them refused to certify, and was therefore void.

Affirmed. All the Justices concur, except ANDERSON, J., who dissents.