STEUERWALD, Respondent, v. STEUERWALD et al, Appellants.

(218 N. W. 597.)

(File No. 6137.   Opinion filed March 24, 1928.)

*Null & Royhl,* of Huron, for Appellants.

*B. B. McClaskey* and *Gardner & Churchill,* all of Huron, for Respondent.

BURCH, P. J. Plaintiff brings this suit to foreclose a real estate mortgage given to secure a note for $18,160. The note and mortgage were executed by Wm. F. Steuerwald and wife to Anna Steuerwald under date December 2, 1909. Anna Steuerwald was the mother of Wm. F. and Fred C. Steuerwald. She died in Burlingame, Cal., about January 1, 1923, leaving a will in which she gave to plaintiff, Fred C. Steuerwald, all her personal property, including "notes and mortgages." The will was probated in Beadle county, S. D. Plaintiff bases his right to foreclose the mortgage on his title acquired under the will. Defendants do not deny the execution and delivery of the note and mortgage, but claim they are entitled to credits not indorsed on the note, the principal credit claimed being $6,000 evidenced by a receipt which was introduced in evidence. It is not claimed $6,000 was paid on the note, but that the mother executed and delivered the receipt to Wm. F. Steuerwald with the intent and object of giving to her said son that amount.

It is claimed the receipt was sent by mail from California, and the genuineness of the signature to the receipt is the principal issue of fact. This issue of fact was submitted to a jury, and the jury found against defendants. The court found in favor of plaintiff, adopting the finding of the jury on the issue of the genuineness of the receipt and rendered judgment of foreclosure. From the judgment and an order overruling a motion for a new trial defendants appeal.

■ ■ Appellant complains of the procedure in submitting certain questions to a jury. The term of court at which the case was tried commenced June 9, 1924. On motion of respondent the court ordered these questions to be submitted to a jury:

"Did Anna Steuerwald execute and deliver to the defendant Wm. F. Steuerwald Exhibit A? If your answer to question (1) is 'Yes,' then did Anna Steuerwald, in executing and delivering said receipt, intend to thus make a gift of $6,000 to Wm. F. Steuerwald?"

The application to submit those questions to a jury and the order submitting them were not made until after the beginning of the term, and it is contended that the court could not consider the application or make the order after the beginning of the term because of rule 21 for trial courts of record prescribed by this court, which provides that either party may, before the first day of the term, apply to the court on notice to the adverse party to specify what issues, if any, shall be submitted to a jury. The case was not tried until several months after the order was made, and appellant does not point out wherein he has been prejudiced thereby. Appellants also argue that they had a constitutional right to a trial by the court. The obvious answer to this is that the character of the trial is not changed by the taking of an advisory verdict.

■ ■ To impugn respondent's title to the mortgage by will, appellants offered to prove that Anna Steuerwald was a resident of California at the time of her death and had no property in South Dakota at that time, and that, therefore, the county court of Beadle county, S. D., had no jurisdiction to probate the will. The court's denial of the offer is assigned as error. This was an attempt to collaterally attack the judgment of the county court. At common law a domestic judgment could not be collaterally impeached or called in question if rendered in a court of competent jurisdiction. We shall not attempt to say when a judgment may and when it may not be collaterally attacked, nor to note the many exceptions to the common-law rule. Where the court has no jurisdiction of the subject-matter of the action, the judgment is, of course, void and may be collaterally attacked. Where it appears on the face of the record that the court has no jurisdiction of the person, a judgment in personam is void. But where a court has jurisdiction of cases of a certain class (as probate of a will) and

452

its jurisdiction in a particular case depends upon certain jurisdictional facts (as the death of the testator, or the existence of property within the territorial jurisdiction of the court), its judgment is not void, because its invalidity cannot appear without inquiry into the facts, which will be presumed to have been made by the court rendering the judgment and therefore not subject to collateral review. The law on this precise question is reviewed in the note to Fisher v. Bassett, 9 Leigh (36 Va.) 119, 33 Am. Dec. 241, where this conclusion is stated:

"The rule seems now to be settled in a majority of the states, that if a court of probate having jurisdiction of the subject-matter, grants letters testamentary or of administration, that such judgment or decree cannot be collaterally impeached by showing that the court had no jurisdiction in the particular case in which the letters are issued, by reason of the nonresidence of the deceased, or the nonexistence of such facts as the law requires to exist in such cases before the letters could have been legally issued."

See also, Fisher v. Bassett, 9 Leigh (36 Va.) 119, 33 Am. Dec. 227; Hilbish v. Hattle, 145 Ind. 59, 44 N. E. 20, 33 L. R. A. 783; Roderigas v. East River Sav. Inst., 63 N. Y. 460, 20 Am. Rep. 555; Gunn v. Howell, 27 Ala. 663, 62 Am. Dec. 785.

█ Appellant Wm. F. Steuerwald was a party to the proceedings in the county court and appeared and participated in the proceedings. He took no appeal, and as to him the judgment of the county court is conclusive. He is the principal defendant here, and the defendant primarily liable. The court did not err in excluding the proof offered.

█ The only remaining assignment of error meriting discussion is the assignment that the evidence is insufficient to support the following finding of fact made by the court:

"That a purported receipt for $6,000 claimed by the defendant Wm. F. Steuerwald to have been executed by said Anna Steuerwald was in fact never executed by said Anna Steuerwald, and does not represent a payment made by the defendant upon said note and mortgage."

The original receipt was before the court, together with admittedly genuine signatures of the purported signer of the receipt, Anna Steuerwald. Handwriting experts testified. No one testified to having seen it signed. It was claimed to have been received

through the mails with a letter which made no mention of the receipt. With the exception of the signature, the receipt was entirely in the hand writing of Wm. F. Steuerwald, the recipient. There was evidence that Anna Steuerwald had shown a disposition to treat her sons, Wm. F. and Fred C. Steuerwald, alike in the distribution of her property, and that without the $6,000 claimed as a gift she had given Wm. F. his full share, leaving to Fred C. the entire amount of the mortgage without such reduction. The evidence is conflicting, but there is ample evidence, if believed by the court, to sustain its findings. We cannot say the evidence preponderates against such findings which would be necessary to reverse the trial court.

Finding no error in the record, the judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.