## HUGHES v. HARRIS.

1. Where an issue, on the plea of *nul tiel record*, is tried by a jury, instead of the court, without objection from the unsuccessful party, he cannot, on error, object to the irregularity.

2. The proceedings and judgment of a court of a sister State were certified by the clerk and attested by the presiding judge; the proceedings were in form such as are had in courts of record, and the declaration was such as is usual, where the cause of action is an exemplification of the judgment of a court of record of a sister State. Held, that it would be intended without further proof, that the court rendering the judgment, is a court of record—the plea not putting that fact in issue, but denying the existence of such a record as the plaintiff alledged.

THIS was an action of debt brought by the defendant in error against the plaintiff, in the Circuit Court of Cherokee, on the exemplification of a judgment rendered by the Inferior Court of the county of Richmond, in the State of Georgia. The cause was tried by a jury on the pleas of *nul tiel record*, payment, &c., and a verdict was found for the plaintiff below.

On the trial, a bill of exceptions was sealed by the presiding Judge, from which it appears that the defendant below objected to the admission of the exemplification of the proceedings and judgment of the Inferior Court of Richmond county, Georgia, in evidence, on the ground that it was not shown that that Court was a court of record. But his objection was overruled and the exemplification read to the jury.

The proceedings and judgment were certified by the clerk of the Inferior Court to be "a true and correct" transcript of the proceedings "in the case of James Harris vs. Isaac Hughes," "taken from the record and original proceedings," &c.

Judgment being rendered against the defendant, he has prosecuted a writ of error to this Court, and now assigns for error —First : The Circuit Court submitted for trial the issue on the plea of *nul tiel record* to the jury. Second : That Court admitted improper evidence, as shown by the bill of exceptions.

MOORE and WM. B. MARTIN for the plaintiff in error.
J. D. PHELAN for the defendant.

COLLIER, C. J.—First: In Crawford vs. the ex'rs. of Simonton, 7 Porter's rep. 110, it was decided, that where a party voluntarily permits an issue on the plea of *nul tiel record* to be tried by a jury, instead of the Court, he cannot avail himself of the irregularity on error. In the case before us, no objection was made to the mode of trial, and we must consequently infer, that it was not objected to by the plaintiff in error. The case cited, is then decisive of the first point made.

Second: No objection seems to have been taken to the regularity of the authentication of the proceedings and judgment offered as evidence in the Circuit Court; but the only question there raised was, whether it was necessary to shew by evidence, other than that which the exemplification itself afforded, that the Court in Georgia which rendered the judgment, was a court of record. The transcript being attested by the clerk, and certified by the presiding justice, was *prima facie* evidence sufficient to authorise the inference, that the Court was a court of record; especially when the form of the proceedings was such as would not have been had in a court whose proceedings and judgments were not dignified as records. If it could have aided the defence of the plaintiff, he might have shewn what the law of Georgia was touching the character of the Court.

The declaration is in the usual form on the exemplification of a judgment rendered in a court of record of a sister State; the plea denied the existence of such a record as the declaration described. The issue then to be tried, was whether the cause of action as alledged, really existed. The affirmative of this question was sufficiently sustained by the production of such a judgment as was declared on, certified and attested in compliance with the act of Congress of the 26th of May, 1790. The regularity of the certificate of the clerk and attestation of the presiding justice, were not objected to; but the only question raised being that we have examined, it follows that the judgment of the Circuit Court must be affirmed.