## KENNEDY v. KENNEDY'S ADM'R.

1. Where the genuineness of a copy of the proceedings of the Probate Court of a sister State are authenticated by the attestation of its clerk, the certificate of the Judge to the official character of the clerk, and the formality of his attestation, and the additional certificate of the clerk, in the terms of the law, to the official qualification of the Judge, its authentication is complete, under the act of Congress of 1804, amendatory of the act of 1790.

2. A person appointed an administrator in another State, may maintain an action as provided by the statute, if no personal representative shall have been appointed and qualified here; and where *a debtor* of the intestate has been appointed administrator in this State, he may plead his appointment and qualification *in bar* of an action by the foreign administrator brought for the recovery of the debt.

Writ of Error to the Circuit Court of Greene.

THE defendant in error declared against the plaintiff in assumpsit upon a promissory note made by the latter, on the 23d December, 1842, for the payment of $963 18, to the intestate on the 18th January next thereafter. To this the defendant pleaded—1. That the plaintiff below was not the administrator, &c. of Margaret Kennedy, " at the time of bringing the said suit," as alledged in his declaration. 2. That before the institution of the plaintiff's action, to wit, on the 12th February, 1844, the defendant was duly appointed administrator, &c. of Margaret Kennedy, deceased, by the Judge of the County Court of Greene county, Alabama,, exercising the jurisdiction of the Orphans' Court; that he qualified, and still is the administrator, &c. Wherefore he prays judgment, &c. Issue was joined upon the first plea, and the plaintiff demurred to the second; the demurrer was sustained, the issue of fact tried, a verdict returned for the plaintiff, and judgment rendered accordingly.

At the trial a bill of exceptions was sealed at the instance of the defendant, in which is set out *in extenso* the copy of a paper purporting to be letters of administration upon the goods, chattels and credits of the intestate, granted to the plaintiff by the

Court of Probate of Kemper county, in the State of Mississippi, with the attestation of the clerk and certificate of the Judge of that Court. To the letters of administration it was objected, that it was not admissible evidence, because it was not authenticated pursuant to the act of Congress ; but the Court overruled the objection, and permitted the paper to go to the jury.

W. & J. Webb, for the plaintiff in error, contended—1. Conceding that the plaintiff below administered on Margaret Kennedy's estate in Mississippi, yet, if the plaintiff obtained letters of administration in Alabama, he was not liable to be sued here by the foreign administrator. [Clay's Dig. 227.] 2. The matter of the second plea, was perhaps pleadable in abatement, but if this be so, it was certainly good in bar. [1 Chitty's Plead. 8th Am. ed. 445-6, 457; 1 Saund. Rep. (note 3,) 274 ; Cloud v. Golightly's Adm'r 5 Ala. Rep. 654, does not oppose this position, and it is sustained by Jenks v. Edwards, 6 Ala. Rep. 143, and Stallings v. Williams' Adm'rs, Id 510. 3. The defendant below should have been permitted to amend his pleading—the only discretion which the Circuit Court had upon the subject, was in prescribing the terms of the amendment. [Clay's Dig. 334, § 119; 6 Ala. Rep. 510.] 4. The transcript of the proceedings of the Probate Court of Kemper, should have been certified as an exemplification of an office book, &c. as required by the act of Congress of 1804. [Clay's Dig. 619, 620.] There was no proof that that Court is a Court of record, or it would be conceded that the authentication conformed to the act of 1790. The objection to the authentication is, that it has no sufficient certificate by the clerk, (as required by the act of 1804,) of the official character of the Judge. True, there is such a certificate, but it bears date previous to the certificate made by the Judge.

H. I. Thornton, for the defendant, insisted, that the proceedings of the Probate Court of Kemper were authenticated pursuant to the act of Congress, He contended that Cloud v. Golightly's administrator, 5 Ala. Rep. 654, very clearly established the insufficiency of the second plea, and is not affected by the subsequent decision of Stallings v. Williams' Adm'r, 6 Ala. Rep. 510; further, the first plea is treated in the replication as a plea in bar, agreeably to the decision in Jenks v. Edwards, Id. 143.

COLLIER, C. J.—In Hughes v. Harris, 2 Ala. Rep. 269, the proceedings and judgment of the Court of a sister State were certified by the clerk, and attested by the presiding Judge, and in form were such as were had in a Court of record ; we held, that it would be intended, without further proof, that the Court rendering the judgment was a Court of record—there being no plea putting that fact in issue.   Without stopping to inquire, whether the same intendment should be  indulged in favor of the Probate Courts of Mississippi, we are satisfied, that the transcript of the grant of administration to the plaintiff, made in that State, is not obnoxious to the objections which the defendant below has made to it.   The clerk first attests the genuineness of the copy, then the Judge certifies to the official character of the clerk, and the formality of his attestation ; and lastly, the clerk vouches, in the terms of the law, the regularity of the Judge's qualification, &c. This is in conformity to the act of Congress of 1804, amendatory of the  previous enactment of 1790.   The attestation of the clerk, and several certificates consequent thereon, are all dated of the  same day, and must be intended to have been made in the order in which they follow each other.

By an act passed in 1821, it is enacted, that when letters of administration, &c. on the estate of any intestate, &c. having  no known place of residence in this State, at the  time of his death, shall have been duly obtained in any other State, &c. and no personal representative of such intestate shall have been appointed, and qualified, in this State, the representative appointed out of this State, " may maintain any action, demand and receive any debt, and shall be entitled to all the rights and privileges which he, she or they could have done, or would have had, if duly  appointed, and qualified within this State." [Clay's Dig. 227, § 31.]   The question arising upon this statute, in the present case, is, whether a domestic administrator, when  sued in our  Courts, by one appointed abroad, should plead his appointment in bar.

In Cloud v. Golightly's Adm'r, 5 Ala. Rep. 654, we said, that it was not necessary for a foreign administrator, suing in our Courts, to negative by his declaration, that the intestate had a known place of residence in this State at the time of his death, or that his estate within the same had been committed to a domestic representative.   The *dictum* was also added, that if a debtor

of the estate denies the right of an administrator appointed abroad to maintain an action, he should plead in abatement, the existence of those facts which are fatal to the remedy.

In Jenks v. Edwards, 6 Ala. Rep. 143, the question was directly raised, whether, where a suit was brought in the name of one person for the use of another, it was allowable to plead in bar, that the nominal plaintiff was dead *at the commencement of the action*. After a very full examination of the point we said, " Our conclusion from the authorities is, that, where the plaintiff's disability is such, that it cannot, *in rerum natura*, be removed, at any time in future the defendant may alledge it either in bar or abatement." Again, the question is asked, why a plea in bar would not be good? and thus answered: " The nature of it, (the defence,) is such, that it cannot give the plaintiff a better writ, that he may institute another suit; and a verdict upon an issue thus formed, against the plaintiff, will not bar an action by his personal representative, founded upon the same cause. Upon principle then, we think the plea" in bar well pleaded.

The *dictum* in the first case, we are still inclined to think, correctly lays down the law, viz; that a debtor of a deceased person, when sued in Our Courts by a foreign administrator may plead in abatement, that the deceased had a known place of residence in this State, or that his estate within the same had been committed to a personal representative. True it is said that this is the correct practice, yet it is not intimaed, either directly or indirectly, that it is the only mode in which the debtor may object to the want of authority by an administrator appointed abroad to sue in our Courts. There is then nothing in the decision referred to, establishing that a plea in abatement is the exclusive remedy for the defendant in the case supposed, though we will not say that such is not the law. The citation is at most a mere *obiter dictum*, and we should not be inclined to yield to it the force of authority, but if necessary would examine the point as *res integra*.

In Jenks v. Edwards, we supposed that if the plaintiff's disability be *perpetual*, it might be pleaded in bar, but if *temporary only*, it was matter of abatement. Here the right of action, if it ever existed, was entirely lost by the grant of administration to the defendant, by the proper Court in this State. A foreign ad-

ministrator is only permitted to sue here by the favor of the Legislature, and then only when no domestic representative has been duly appointed and qualified. If the defendant could be considered merely as a debtor, and administration had been here committed to some third person, the remedy of the foreign administrator would perhaps be in abeyance, subject to be put in action whenever there shall cease to be a domestic representative ; and in such case it may be that the suit could only be arrested by plea in abatement. But the defendant pleads that he had been duly appointed and qualified as an administrator in this State ; this being the case, if he was a debtor of the intestate's estate, he would be chargeable with cash to the extent of his indebtedness. In Childress v. Childress, 3 Ala. Rep. 752, we said—" True, it is the duty of an executor to collect the debts due the estate he represents ; but there is no process by which he can coerce a collection of himself, and as he is the party who is both to pay and receive the money, the law will regard him as in possession of it, from the time it became due." From the law as here stated, it results, that the debt due by the defendant to the intestate's estate, ceased to be a chose in action after its maturity ; but became, in contemplation of law, so much money in possession.

From this view of the law, it would seem, that the matter of the second plea constituted a perpetual bar, and was well pleaded. The demurrer was therefore improperly sustained; the consequence is, the judgment of the Circuit Court is reversed and the cause remanded.