# MILLS & CO. v. STEWART.

1. A plea is bad on demurrer, which assumes to answer the entire declaration, and to furnish a bar to the action, and alledges matter which is an answer to only a part of the demand.

2. A plea, alledging that the defendant had been garnisheed in a court of the state of Louisiana, and a judgment rendered against him on his answer, condemning the debt in favor of a creditor of the plaintiff, setting out the proceedings fully, and alledging that they were conducted according to the law of Louisiana, and that he had paid, and satisfied the judgment so rendered, is good. It is not necessary in such a plea to alledge, *in totidem verbis,* that the defendant had no notice of the transfer of the note, when he answered the garnishment.

3. When the record of the proceedings of one state, are offered in evidence in another, authenticated pursuant to the act of congress, presumptions must be indulged favorable to its jurisdiction, where the form of the proceedings do not indicate, that it is a court of limited jurisdiction.

4. A negotiable note, not endorsed before its maturity, may be the subject of an attachment, or garnishment, at the suit of the creditors of the payee, so long as he remains its proprietor, or until the maker has notice of the transfer, if indorsed when past due.

5. A statement made by the clerk of the court rendering the judgment, of its amount, and payment by the garnishee, though certified as part of the record, is not evidence of the fact of payment.

6. A garnishee against whom a regular judgment has been rendered, may discharge it by payment, without waiting until he is coerced by execution.

Writ of Error to the County Court of Mobile.

THIS was an action of assumpsit, at the suit of the plaintiffs in error, on a promissory note, by which the defendant, on the 28th December, 1843, promised to pay to George G. Henry, or bearer, at the Bank of Mobile, on the 1st March, 1845, the sum of seventeen hundred and ninety-three 22-100 dollars. The note was indorsed and delivered by the payee to the plaintiffs.

Among other pleas, the defendant pleaded, that on the 31st March, 1845, Messrs. Perkins, Hopkins & White, of New-

York, instituted proceedings in the commercial court of New-Orleans, against Geo. G. Henry as their debtor, alledging that the defendant was indebted to him, &c., and praying that he might be made a party to the suit ; thereupon, such proceedings were had that the debt was attached, and the defendant summoned to answer upon oath, as to his indebtedness, &c. : whereupon, he answered, that he was indebted to Henry the balance due on a promissory note, &c., the sum of one thousand dollars, deducting therefrom twenty-five dollars, which by the laws of Alabama, bore interest from the 1st March, 1845, when it became due, at the rate of eight *per cent. per annum.* On this answer the court rendered judgment in favor of Messrs. Perkins, Hopkins & White, for the sum of sixteen hundred and fifty-nine 72-100 dollars, with interest till paid, and costs of suit ; and it was further considered, that the plaintiffs in that suit recovor of this defendant the sum of nine hundred and seventy-five dollars, with interest thereon, making the aggregate sum of $1,054 12. This amount was paid by defendant on the 10th day of March, 1846, in full satisfaction of the judgment against him. Defendant avers that the judgment so rendered against him was for the same identical cause of action in the plaintiff's declaration mentioned—which will more fully and at large appear by the records and proceedings remaining in the commercial court of New-Orleans, in full force and effect, not in the least reversed or annulled, &c. And this the defendant is ready to verify, &c. The plea is drawn out at great length—alledging all the proceedings to have been conducted according to the laws of Louisiana. The plaintiff demurred, and his demurrer being overruled, issue was joined upon all the pleas ; whereupon the cause was submitted to a jury, who returned a verdict for the defendant, and judgment was rendered accordingly.

Upon the trial the plaintiff excepted to the ruling of the court. It was shown by the bill of exceptions that the plaintiffs produced the note with the indorsement of the payee ; and on which were also indorsed credits, amounting in the aggregate, to the sum of seven hundred ninety 22-100 dollars. The defendant offered the record of the commercial court of New-Orleans, described in his plea, which was ad-

mitted in despite of the plaintiff's objection, as evidence of the existence of the judgment, but not of the facts on which it was rendered. The identity of the note declared on, and that referred to in the record, was admitted.

It was proved that the plaintiffs reside in Massachusetts, and remitted the note to their attorney for collection about the 1st May, 1845. The time of the indorsement of the note to the plaintiffs was not proved. The defendant and Henry have resided in Mobile ever since the note bears date. The payments indorsed on the note were in the hand-writing of the latter. There was no other proof of the satisfaction of the judgment against the defendant than what accompanies the record.

The plaintiffs excepted to the admission of the evidence, and the second charge to the jury. The bill of exceptions is so framed that it is not entirely easy to determine which is the second charge, but it is embraced in the following: If defendant answered the garnishment truly, and a correct judgment was rendered on the answer, and this has been satisfied by payment, then he has a good defence. Again: there was nothing to show that the garnishment was erroneous, and it must be presumed that the court in New-Orleans proceeded according to law. Whether the answer was sufficient to have authorized a judgment against the garnishee, must be determined by the law of Louisiana, instead of that of Alabama. *Further*, it was not necessary that the payment should have been made under execution—it is sufficient if the judgment was such as authorized an execution to issue when it was satisfied—and this it appears from the record, was the case.

E. W. Peck, for the plaintiffs in error. 1. The plaintiffs demurrer to the defendants' fourth plea should have been sustained. 1. Because the plea does not state that the defendant had no notice of the transfer of the note before he answered to the garnishment. [Mankin v. Chandler, 2 Brock. 125.] 2. It does not state that the entire debt sought to be recovered by the plaintiff, had been attached. [Crawford v. Clute & Mead, 7 Ala. 160.] 3. It does not aver that the commercial court of New Orleans had jurisdiction to sum-

Mills & Co. v. Stewart.

mon the defendant, to compel him to appear and answer, or to give judgment against him, &c. [7 Ala. *supra.*] 4. It does not aver that he was compelled to pay the judgment rendered against him by the commercial court. [Cook v. Field, 3 Ala. 56.] 5. The plea does not set out the proceedings in the attachment suit, nor show that all the requirements of the law had been complied with. [Crawford v. Slade, adm'r, 9 Ala. 891, and cases there cited.]

2. The record of the proceedings and judgment in the commercial court of New Orleans, should have been rejected. 1. Because it was not shown that the proceedings were authorized by the laws of Louisiana. 2. Because on its face it shows that the judgment was erroneous, and should have been resisted by the defendant. The defendant in his answer, states that Henry, the debtor, had told him once or twice that he had transferred the note, &c. This fact being disclosed, no judgment should have been rendered against him. [Smith v. Chapman & Brother, 6 Porter, 370, and cases cited.] 3. The note being negotiable was not the subject of garnishment process. [Sheets v. Glover, 14 Louisiana R. 452.]

3. The court erred in the following charges : 1. In charging the jury that they were bound to conclude that the court which rendered the judgment acted correctly. 2. In charging the jury that it was not necessary the payment should have been made under execution, that it was sufficient if the judgment was such that an execution could have issued at the time of the payment, *which appeared to have been the case.* The error in this charge is, 1. That it instructed the jury as though payment of the judgment had been proved, when there was no evidence of that fact. 2. In charging that it appeared that an execution could have been issued on the judgment, without proof how such judgments were enforced by the laws of Louisiana. 3. In charging the jury, that in the opinion of the court the judgment was a valid judgment of Louisiana; without there being any evidence what those laws were. 4. The court erred in charging the jury that they were at liberty to examine the answer of the garnishee, and to give it credence if consistent in itself, and not contradicted by evidence.

Lockwood, for the defendant. 1. The demurrers to the fourth and fifth pleas were properly overruled. [Hitt v. La-·y, 3 Ala. 104.] 2. It is true, the plaintiffs' replication to defendants' fourth plea, contains the words "*nul tiel record*," which of itself is properly determinable by the court, but the same replication includes a distinct fact, which is only determinable by the jury; the replication is double, and issue is taken on it and submitted to the jury. But there is such a record, and judgment by the court would have been for the defendant. Even if it were error to submit the question as to the record to the jury, still it would not be decisive of this case. The judgment on the said record by the court, either for plaintiff or defendant, would not be a ground of reversal, inasmuch as the recovery of a debt sued for by a previous garnishment may be given in evidence under the general issue—which was the fact in this case. [Cook, Adm'r, v. Field, et al. 3 Ala. 54; McDaniel, et al. v. Hughes, 3 East. 366,] 3. The payment by a garnishee of a foreign judgment and execution is a bar to a further recovery.— [Holmes v. Remson, 4 John. Ch. R. 460; 2 Kent's Com. 119; 4 Cow. R. 521; 20 Johns. Rep. 229; 1 Porter's Rep. 198; 2 Starkie, 707; Story's Confl. L. 462-3.]

COLLIER, C. J.—If a plea commence as an answer to the whole declaration, and in truth the matter pleaded is only an answer to part, the whole plea is bad, and the plaintiff may demur; but if it begin as an answer to part, it is deemed an answer to that part only, although it may contain a legal defence to the whole declaration. So it is said, that if a plea begin only as an answer to part, and is in truth but an answer to part, the plaintiff cannot demur, but must take his judgment for the part unanswered as by *nil dicit;* and if he demur or plead over, the whole action is discontinued. [1 Chit. Pl. 509; Arch. Civ. Pl. 168, 173.] In the case before us, the plea objected to assumes to answer the entire declaration and to furnish a bar to the action, while it merely alledges the payment of the note in part, under the sanction of a judgment against the defendant, at the suit of the payee's creditors, in another State, for the amount thus paid; shows that when called on to answer that suit, he admitted an indebt-

edness upon the note for nine hundred and seventy-five dollars, with interest from the time of its maturity, for which the judgment was rendered ; but does not state that the residue of his note to Henry had been paid. It cannot, according to any rule of pleading be intended that the defendant had previously paid the difference between the amount of the judgment, and the sum expressed upon the face of the note. For this difference, amounting to more than eight hundred dollars, the plea does not set out any legal objection to the plaintiffs' recovery, and the demurrer should therefore have been sustained for this defect.

It is no objection to the plea, that it does not alledge *in totidem verbis*, that the defendant had no notice of the transfer of the note, before he answered the garnishment in the commercial court of New Orleans—he affirms in his answer an indebtedness to Henry, which he could not have declared consistently with truth, if he had been informed that another person had become the proprietor of the note. If he had notice, the plaintiff should have replied the fact, and establish it. It is matter of affirmation which it devolves upon the plaintiff to prove—the defendant cannot be required to disprove it, this would be to throw on him the burthen of making out a negative before any evidence was adduced from which the affirmative could be implied.

Where the record of the proceedings of one State are offered in evidence, authenticated pursuant to the act of Congress, in the courts of another, presumptions must be indulged favorable to its jurisdiction ; especially where the form of the proceedings does not indicate that it is a court of limited powers. If, in point of fact, the tribunal of the sister State had no jurisdiction either of the subject matter or the parties, it was competent for the plaintiff to have replied to it, and put the matter in issue. [Lucas v. The Bank of Darien, 2 Stewt. Rep. 280 ; Miller v. Pennington, Id. 399. See also Martin v. Nicholls, 3 Sim. Rep. 545 ; Hopkins v. Lee, 6 Wheat. Rep. 100 ; Mayhew v. Thatcher, 6 Wheat. R. 129 ; Field v. Gibbs, 1 Pet. C. C. Rep. 166 ; Shumway v. Stillman, 6 Wend. R. 447; Taylor v. Phelps, 1 Gill & Johns. Rep. 492 ; McElmoyle v. Cohen's Heirs, 13 Peters' Rep. 312 ; Hampton v. McConnell, 3 Wheaton's Rep. 234.] But it

must be intended, in the absence of extrinsic proof, or any thing in the record impugning the regularity of the proceeding, that the court had jurisdiction of the matter adjudicated, and that the judgment was authorized by the facts and evidence upon which it was rendered. [Hughes v. Morris, 2 Ala. Rep. 269; Kennedy v. Kennedy's Adm'r, 8 Ala. Rep. 391; Crawford v. Clute & Mead, 7 Ala. Rep. 157, and Crawford v. Slade, Adm'r, 9 Id. 887, are altogether inapplicable.] In these cases the defendant pleaded the pendency of an attachment in the circuit court of the United States, at the suit of creditors of the plaintiff, in which the debt sought to be recovered had been attached by service of garnishment on him (defendant). This court held, that such plea must aver all the facts necessary to give the court jurisdiction in which the suit is pending; whether the whole or what part of the debt had been attached. In these cases the garnishments, though pending in a federal court, were influenced in its proceeding by the legislation of this State in respect to attachments and garnishee process; and it was deemed essential to the defence to show, that, that tribunal was so proceeding as to vindicate its jurisdiction. [See cases cited in 3 Kinne L. Comp. 10.] But in the case at bar, the suit was instituted and prosecuted to judgment in another State, and every presumption must be indulged favorable to its authority; more especially when it is alledged to have been proceeded in according to the laws of that State; and there is an absence of proof, either intrinsic or extrinsic, to impugn the validity or correctness of the judgment. The fact that the note was negotiable, if it was not indorsed before its maturity, would not exempt it from an attachment or garnishment, at the suit of the payee's creditors, so long as he remained its proprietor, or until the maker had notice of the transfer, if it was indorsed after it was past due.

The statement of the fact of the amount of the judgment against the defendant, its satisfaction, &c. made by the clerk of the commercial court of New Orleans, though certified as part of the record, cannot be treated as such. In the absence of proof of the laws of Louisiana making it part of the proceedings in the cause, it cannot be treated as evidence of payment. In this respect, then, the evidence was insufficient to

make out the defence, as it was necessary to show not only a judgment, but also to prove that it had been satisfied.

To have justified the defendant in making the payment of the judgment, he need not have waited until he was coerced by an execution. It is enough if there was a regular judgment which could have been enforced by execution. In the predicament of the exemplification, we have seen that it will be intended that there was such a judgment, and that the payment of the money was not gratuitous merely.

The answer of the garnishee as certified in the record from Louisiana, was certainly evidence under the restrictions laid down by the county court—in fact the law was ruled quite as favorably to the plaintiffs on this point as they were authorized to ask.

We have seen that the plea is defective, and that the demurrer to it, instead of being overruled, should have been sustained. The judgment is therefore reversed, and the cause remanded.