## CORBITT *vs.* PYNES, GARNISHEE.

[APPEAL FROM. JUDGMENT OF CIRCUIT COURT SETTING ASIDE AND VACATING AT A SUBSEQUENT TERM A JUDGMENT RENDERED BY IT ON ANSWER OF GARNISHEE, AT A FORMER TERM.]

1. *Garnishee ; judgment against ; when may be set aside at subsequent term.* A judgment against a garnishee rendered upon his answer alone, and not warranted by it, may be set aside at a subsequent term, if the answer has become a part of the record.

2. *Garnishee ; answer of ; when part of record.*—The answer of a garnishee, verified by affidavit, and referred to in the judgment entry, is a part of the record.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

THE appellant having commenced suit against one Johnson, a non-resident, by attachment, Pynes, who was administrator of the estate of Johnson's mother, was summoned by garnishment to answer what he was indebted as administrator, to said defendant. The garnishee filed a sworn answer in writing, in open court, at the fall term, 1867, so

much of which as is material is as follows : " I am administrator of Sarah Johnson, deceased, the mother of the
defendant, and hold the notes of defendant for a house
and lot sold by me as the property of said estate, which
notes amount in the aggregate to $500, payable 1st January, 1868; defendant is a distributee of said estate ; I
have never made any settlement of said estate, or made
any advancements to defendant, and more than eighteen
months have elapsed since the grant of letters of administration ; on final settlement of said estate, the distribtive
share of defendant will be about two hundred dollars."
This answer was not contested.

The defendant being a non-resident, publication was
made, &c., and at the spring term, 1868, judgment was
rendered against him, for $235 10 and costs. This judgment entry recites further : " And it appearing to the
satisfaction of the court, that James Pynes, the garnishee,
has answered in writing, and under oath, admitting indebtedness to the defendant in the sum of $200, at the fall
term, 1867, of this court, and it appearing to the court that
the plaintiff has recovered judgment at the present term
of this court against the defendant, for $235 10 and costs,
it is therefore considered by the court, that the plaintiff
recover of the said garnishee, the said sum of $200, and
interest on the same since the last term of this court, the
amount so answered, with interest thereon, amounting to
$208, for which execution may issue."

Execution having issued against Pynes on this judgment,
he petitioned the circuit judge for a *supersedeas*, &c., and on
final hearing to quash said execution and to vacate and set
aside said judgment. The petition states among other
things, that the appellant was the attorney for Pynes, and
as such, drew up his said answer, and that it was understood between them, that Pynes should answer as he did,
to stop the amount of Johnson's distributive share in the
estate, and that no moneyed judgment should be rendered
against him ; that Pynes has since sued Johnson's notes
and the securities thereto, and recovered judgment thereon
for $532 86, and which is yet wholly unsatisfied and uncollected, although execution has been duly issued thereon ;

that he has no money or assets whatever in his possession of said estate, or under his control, except said judgment against Johnson and his sureties; that the judgment against him in favor of Corbitt, was obtained by mistake and is utterly void; that under § 2947 of Revised Code, no moneyed judgment could be rendered against him on said answer, &c."

At the spring term, 1869, the cause coming on to be heard on the petition and motion of Pynes to vacate and annul said judgment, the court granted the motion to set aside, &c., vacated the judgment, quashed the execution issued thereon, and taxed Corbitt with costs. This action of the court is now assigned for error.

F. M. WOOD, for appellant.—The judgment entry at the spring term, 1868, recites, that "it appearing to the satisfaction of the court, that garnishee, James Pynes, has answered in writing and under oath, admitting indebtedness to the defendant in the sum of two hundred dollars at the fall term, 1867."

The answer of the garnishee on file in the clerk's office of said circuit court and copied in the transcript, contradicts the judgment; and the question is, shall the judgment be held void for the reason that the answer conflicts with it? Or will the judgment prevail over the answer? Manifestly, the judgment entry can not be questioned.

W. C. OATES, contra.—The judgment of the court below in favor of the appellant, against the appellee, on his answer as garnishee, is void, because it does not follow the answer and is inconsistent with it. The appellant was both plaintiff and attorney for appellee, and is estopped from denying the facts set forth in the answer or petition. The appellee was garnished and answered as administrator of Sarah M. Johnson, setting forth in his answer the true condition of his intestate's estate.

The judgment on the answer of the appellee, as garnishee, was void, because rendered against him individually, when it could only have been rendered against him as administrator. Such demands only can be recovered by

garnishment process, as the defendant himself can recover by action of debt, or *indebitatus assumpsit.—Harrel v. Whiteman*, 19 Ala. 135 ; *Cook v. Walthall*, 20 Ala. 334 ; *Raby v. Labuzan*, 21 Ala. 60 ; *Self v. Kirkland*, 24 Ala. 275 ; *Lundie v. Bradford*, 26 Ala. 512 ; *Hall v. Magee et al.*, 27 Ala. 414.

The answer of appellee, as garnishee aforesaid, showed that the defendant, John D. Johnson, was the purchaser of the property of the estate, and was indebted to garnishee therefor, and that this very indebtedness constituted the assets out of which said defendant Johnson would on final settlement of the estate be entitled to on distribution. Could the defendant in attachment, J. D. Johnson, as a distributee of the estate of Sarah M. Johnson, have recovered a judgment by action of "debt, or *indebitatus assumpsit*," against the appellee, who is the administrator? If not, then the ruling of the court below was eminently correct.

B. F. SAFFOLD, J.—The answer of a garnishee, verified by affidavit, and referred to in the judgment entry, is a part of the record.—*Curry, Garn., v. Woodward*, January term, 1870. It is his pleading in the case.

The judgment against the garnishee, who was an administrator, was not warranted by his answer. He does not "admit assets to pay the amount claimed, or some portion thereof, out of the distributive share of the debtor."—Revised Code, § 2947. He says, in effect, if the distributee pays the $500 he owes to the estate, then on final settlement there may be due him about $200. There was no error in quashing the execution and setting aside the judgment at a subsequent term.

The judgment is affirmed.