## Gatchell & Co. *v.* Foster.

*Petition for Supersedeas of Execution on Judgment against
Garnishee.*

1. *Garnishment against maker of negotiable promissory note.*—The
maker of a negotiable promissory note is subject to garnishment as
the debtor of the payee, so long as the latter remains the owner of
the note; and if he wishes to protect himself against a judgment,
on the ground that the note may be transferred before maturity, his
answer must disclose the fact that the note is negotiable.

2. *Supersedeas of execution; what defenses are available.*—On a pro-
ceeding for the *supersedeas* of an execution, any matter of discharge
may be shown which would constitute an equitable satisfaction of
the judgment; but no inquiry can be made into the regularity of the
proceedings, or any other matters which go behind the judgment,
unless fraud is alleged and proved, or there is a want of jurisdiction
apparent on the record.

3. *Form of judgment against garnishee.*—A judgment against a gar-
nishee, on his answer admitting an indebtedness, should regularly
recite the fact and amount of the judgment against the original de-
fendant; but the failure to do so is not available on petition for the
*supersedeas* of an execution on the judgment against him, which is
less than the amount of the admitted indebtedness.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

The record in this case shows these facts: On the 17th De-
cember, 1889, a writ of garnishment at the suit of A. D.
Gatchell, or Gatchell & Co., was sued out and served on J.
D. Foster, as the debtor of W. T. Farrar; but whether on a
judgment, or in aid of a pending suit, the record does not
show. On the 14th January, 1890, the garnishee appeared,
and answered: "On or about the 2d November, 1889, he and
J. K. Litchenwalter bought the stock of said W. T. Farrar in
the A. N. & F. Manufacturing Company, and executed their
joint notes to said Farrar on said day, due as follows: one
note for $500, due at six months after date; one for $1,000,
due at twelve months after date; and one for $500, due at

[Gatchell & Co. v. Foster.]

eighteen months after date.    He does not know whether said
Farrar now holds and owns said notes, or whether any or all
of them have been transferred by him to innocent purchasers,
and whether they will be transferred before maturity."    And
the answer denied any other indebtedness, the possession of
property, &c.    On this answer, a judgment was rendered
against the garnishee, Feb. 18th, 1890, as follows: "Came the
plaintiffs and the garnishee by attorney, and on motion of
plaintiffs it is considered by the court that the plaintiffs have
and recover of J. D. Foster, on his answer as garnishee, the
sum of $149.64, together with all costs of this proceeding, for
which let execution issue; and execution hereon is suspended
until 2d day of May, 1890."

An execution on this judgment having been issued, the
garnishee filed his petition for a *supersedeas*, March 20th,
1891, on these grounds: 1st, that his answer did not contain
such an admission of indebtedness as authorized a judgment
against him; 2d, that the notes mentioned in his answer were
negotiable, and had been transferred by the payee before the
answer was filed, though he did not then know the fact, and
he had since been compelled to pay them to the assignee;
and, 3d, that the judgment against him did not specify the
amount of the judgment against the original defendant, nor
show that any judgment whatever had been rendered against
him.    A demurrer to the petition was interposed by Gatchell
& Co., but was overruled; and the judgment on the demurrer
is now assigned as error.

BLACKWELL & KEITH, for appellants, cited Black on Judg-
ments, vol. 2, p. 709, § 593; 8 Amer. & Eng. Encyc. Law,
1259–60; *Mervine v. Parker*, 18 Ala. 241; *Matthews v. Rob-
inson*, 20 Ala. 130; *Marshall v. Candler*, 21 Ala. 490;
*Whorley v. M. & C. Railroad*, 72 Ala. 20; *Curry v. Wood-
ward*, 44 Ala. 305.

GORDON MACDONALD, and MATTHEWS & WHITESIDE, *contra*,
cited *Presnall v. Mabry*, 3 Porter, 110; *Jones v. Crews*,
64 Ala. 368; *Mims v. West*, 95 Amer. Dec. 397; *Alexander
v. Pollock & Co.*, 72 Ala. 139; *Bassett v. Garthwaite*,
73 Ala. 257; Rand. Com. Paper, §§ 816–8, 822; *Miller v.
Vaughan*, 73 Ala. 315; *Edwards v. Lewis*, 16 Ala. 813;
*Martin v. Tally*, 72 Ala. 23; *Mayberry v. Morris*, 61 Ala. 118.

CLOPTON, J.—The object of this proceeding, instituted by
appellee, is the *supersedeas* and vacation of an execution
issued on a judgment rendered against him February 18, 1890.

The judgment was rendered on his answer to a writ of garnishment sued out by appellants in a pending suit brought by them against W. T. Farrar. The garnishment proceedings leading to, but exclusive of the judgment, seem to be regular. It appears, however, from the petition for *supersedeas* and the exhibits thereto, that the indebtedness admitted in the answer of the garnishee was evidenced by promissory notes payable at the First National Bank of Anniston, and that the judgment was rendered before maturity of the notes, or either of them. Such being the real character of the indebtedness, appellee contends that the judgment was not warranted by the answer, on which alone it was rendered; and that in such case, on the principle declared in *Corbett v. Pynes*, 45 Ala. 258, it may be set aside at a subsequent term.

It may be conceded, that the weight of authority maintains the proposition, that the maker of a negotiable note can not be charged as garnishee of the payee, while it is still current as negotiable paper, subject to be transferred to a *bona fide* purchaser without notice before maturity. But the mere fact of negotiability does not exempt the note from garnishment, at the suit of a creditor of the payee, so long as he remains the proprietor.—*Mills v. Stewart*, 12 Ala. 90. It may be, that in such case, when the answer of the garnishee does not disclose that the note is still the property of the payee, judgment should not be rendered before maturity of the note, and only then, when it affirmatively appears from the answer, or otherwise, that the payee is the proprietor at the time of maturity. This question we do not decide; for, conceding that an answer disclosing an indebtedness by negotiable paper does not warrant a judgment against the garnishee before maturity, in order to avail himself of this defense, against the rendition of judgment, it is essential that the negotiable character of the note be disclosed in the answer.

In the present case, the answer admits that the garnishee and one Litchenwalter were indebted to Farrar, the original defendant, on or about November 2, 1889, by three promissory notes described as follows: "One note for five hundred dollars, due at six months after date; one for one thousand dollars, due at twelve months after date, and one for five hundred dollars, due at eighteen months after date." The answer further states that the garnishee does not know whether the payee held and owned the notes at the time of the answer, or whether either or all of them have been transferred by him to innocent purchasers, or whether they will be transferred before maturity. There is no further or other description of the indebtedness, no statement or indication that the notes were

payable at a bank or banking-house, or at any particular place, so as to constitute negotiable paper—notes of such character that, if transferred before maturity for value without notice, the transferree could enforce their payment, though they may have been held by the payee at the time of the service of the garnishment, and though the maker may have suffered judgment to be rendered against him as garnishee, and may have paid the same. The notes set forth in the answer are subject to any defenses which the maker may have against them, or which may accrue before notice of their transfer. The court was not bound to inquire into the character of the notes, but could act upon the description as given in the answer. The answer disclosing only non-negotiable notes, on which the maker may be charged as garnishee, and failing to disclose that he had received notice of their transfer, or that any person other than the payee asserted any claim to them, the court was authorized to render judgment against the garnishee, and suspend execution until the maturity of the debt, as provided by section 2976 of the Code. The judgment was warranted by the answer.

In all instances in which the matter of discharge insisted upon in the petition does not appear on the record, a proceeding by petition and *supersedeas*, it has been said, may be properly regarded as a substitute for a bill in equity, and that any matter of discharge, which constitutes an equitable satisfaction of the judgment which the writ of execution is used to enforce, may be inquired into on such proceeding, and the execution perpetually superseded.—*Branch Bank v. Coleman*, 20 Ala. 140. But, as a general rule, on *supersedeas*, matters which go behind the judgment, or errors or irregularities in the course of the proceedings, can not be inquired into. The ground of relief must rest upon the facts occurring subsequently to the judgment. When the answer warrants the judgment, antecedent facts will not be considered, unless there is want of jurisdiction in the court apparent on the face of the record, or fraud is alleged and shown.—*Gravette v. Malone*, 54 Ala. 19. The negotiability of the notes was an antecedent fact, which the garnishee could and should have set up in his answer as a defense to the rendition of the judgment.

As appears from the judgment-entry, it was rendered on motion of plaintiffs, the garnishee appearing by counsel. Being present when it was rendered, and having suffered it to be rendered without objection, or without setting up an existing available defense, he will not be permitted to set up such defense on petition and *supersedeas*. The judgment is con-

[Reed Lumber Co. v. Lewis.]

clusive on him. The notes having been in fact transferred before maturity, and the maker having been compelled to pay them to the transferrees, the payment of the judgment is certainly a hardship; but a hardship resultant from the filing of an insufficient answer, from which the court can not relieve him, without violating the elementary principles on which the conclusiveness of judgments rests when collaterally assailed.

The next ground of relief is, that the judgment omits to recite the fact and amount of the judgment against the original defendant. It will be admitted that a garnishment issued as a remedy to obtain satisfaction of a judgment, though in some respects a new suit, being consequential and auxiliary to the judgment, a dependency thereon, it is essential to the regularity of a judgment against the garnishee that it should recite the fact and amount of the recovery against the original defendant. The recital, however, of the fact and amount is the duty of the clerk, and its omission may be corrected on motion.— *Whorley v. M. & C. R. R. Co.*, 72 Ala. 20; *Randolph v. Little*, 62 Ala. 396. The omission to recite the fact and amount of the judgment against the original defendant, is an irregularity not affecting its validity when collaterally assailed. By the judgment execution was suspended until the maturity of the first note, and was not in fact issued until after the maturity of the second. The record does not show the amount of the judgment against the original defendant, but from the amount of the judgment rendered against the garnishee, the presumption is, that the sum of the note first maturing exceeded the sum of the judgment against Farrar. On this state of the record, we can not hold the judgment void on collateral attack.

Judgment reversed, and judgment rendered sustaining the demurrers to the petition.