# Wohl *v.* First National Bank of Gadsden

## *Garnishment.*

(Decided. April 9, 1908. 46 South. 231.)

1. *Garnishment; Subject of Garnishmennt; Negotiable Paper.*— While a negotiable note is current as negotiable paper and subject to be transferred to a bona fide purchaser without notice and before maturity, the maker of the note is not subject to garnishment, nor chargeable as a garnishee of the original payee of the note.

2. *Same; Proceedings to Enforce; Answer of Garnishee.*—The answer of a garnishee which showed that the note was negotiable and had been endorsed by the original payee and was not in his posession, is sufficient answer of no indebtedness and does not authorize a judgment against the garnishee on his answer under section 2191, Code 1896.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Garnishment proceedings by the First National Bank of· Gadsden against M. Wohl. From a judgment against the garnishee, he appeals. Reversed, and garnishee discharged.

Attachments at the instance of the First National Bank of Gadsden against Silberman & Todes, service of which was perfected by garnishment issued by the sheriff and served upon M. Wohl. The garnishee answered on the 6th day of April, 1907, denying any indebtedness, unless he be indebted as follows: By one promissory note executed by garnishee on December 20, 1906, to Silberman & Todes for $200.33, payable at the Merchants' & Farmers' Bank, Gadsden, Ala. That said note is a negotiable instrument, and due April 10, 1907, and said note has the following indorsements thereon: "Silberman & Todes." "Drovers' & Mechanics' National Bank, Baltimore, Md." "First National Bank, Birmingham, Ala." That said garnishee was notified on March 20, 1907, that said note was held by First National Bank of Gadsden for collection. And for further answer garnishee says that he has executed three promissory notes, payable to Silberman & Todes, due as follows: One August 25, 1907, for $200; one September 25, 1907, for $200.26; one October 25, 1907, for $200. That all of said three notes are made payable at the office of said payee, Baltimore, Md., or at the Drovers' & Mechanics' National Bank, Baltimore, Md. That three said last above described notes were still current as negotiable paper, and that said garnishee does not know whether the payee owns and holds the notes at this time, or whether either or all of them had been transferred by said payee to innocent purchasers, or whether they will be transferred before maturity. The garnishee thereupon prayed for his discharge. The answer was afterwards amended by the garnishee, alleging that he did not know who owned or held title to the note first described in his answer. Upon this answer the court rendered judgment against the garnishee as to the first note and interest.

ALTO V. LEE, JR., and J. R. FOREMAN, for appellant. The court was without jurisdiction to render the judgment.—*Bank v. Clements,* 109 Ala. 270; *Byars v. Baker,* 114 Ala. 174; *L. & N. R. R. Co. v. Nash,* 118 Ala. 477; *Penoyer v. Neff,* 95 U. S. 714. The findings of the fact essential to the rendition of the judgment does not sufficiently appear from the record or judgment entry. —*Myer v. Keith,* 99 Ala. 519; *Diston v. Hood,* 83 Ala. 331. It must affirmatively appear that the note sought to be subjected to garnishment, if a negotiable paper, was due, and was still the property of the payee, or of the holder whose property it is sought to be condemned by the garnishment.—*Mills v. Stewart,* 12 Ala. 90; *Mabry & Co. v. Morris,* 62 Ala. 113; *Gatchell v. Foster,* 94 Ala. 622; Drake on Attachment, secs. 582-92. Under the facts shown by this record a payment by the garnishee would not relieve him from a subsequent suit at the instance of the defendants in attachment, much less at the instance of a bona fide holder of the paper.

BOYKIN & BRINDLY, and BURNETT, HOOD & MURPHREE, for appellee. Counsel filed motions to strike the bill of exceptions and to dismiss the appeal and brief the same, but filed no briefs on the merits of the cause.

ANDERSON, J.—The statute (section 2191 of the Code of 1896) authorizes judgment against the garnishee on his answer only when said answer admits an indebtedness to the defendant. The answer in the case at bar denies any indebtedness to the defendant, unless it be upon certain negotiable notes therein described. The last three notes did not mature until after the answer and judgment against the garnishee. The maker was not, therefore, chargeable as garnishee of the payee while these notes were still current as negotiable paper

and subject to be transferred to a bona fide purchaser without notice before maturity.—*Gatchell v. Foster,* 94 Ala. 624, 10 South. 434. It is evident that the trial court took this view of the matter as to the notes not then matured, and only rendered judgment against the garnishee for the note not due when the answer was made, but which had matured before the answer was amended and before the rendition of the judgment. The answer shows, however, that the note was indorsed by the payee before maturity, and subsequently by two others, and that it was held by the plaintiff bank for collection, and presumably for its own benefit, or for the last indorsee. At any rate, the answer showed that the note had been indorsed by the payee and was not in his possession, and this was a sufficient answer of no indebtedness to prevent a judgment against the garnishee on his answer. In order for judgment to be rendered against the garnishee, even after maturity of a negotiable note, given by him, it should affirmatively appear, from the answer or otherwise, that the payee was the proprietor at the time of maturity. The answer sufficiently shows that the payee was not the proprietor of the note at maturity.—*Mayberry v. Morris,* 62 Ala. 115.

The judge of the city court erred in rendering judgment against the garnishee on his answer, and the judgment is reversed, and one is here rendered discharging him.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.