(78 South. 965)

STREET v. GRIFFIN. (7 Div. 941.)

(Supreme Court of Alabama. April 18, 1918.)

1. JUDGMENT ⊚⇒197—SPECIAL INTERROGATORIES—RECORD.

Rights and remedies given by Code 1907, §§ 4049–4057, providing for interrogatories to be propounded to a party and for dismissal on his failure to pay costs after failure to answer the interrogatories, having been unknown to common law, the circuit court is treated quoad hoc as a court of limited jurisdiction, and the record should affirmatively show a strict compliance with the statute as to all orders enforcing the rights conferred by the statute.

2. DISCOVERY ⊚⇒70 — SPECIAL INTERROGATORIES.

Where the court dismissed the action on plaintiff's failure to pay costs after he failed to answer within 30 days special interrogatories propounded by defendant, that the order of dismissal was made on the same day as the order requiring the payment of costs was not error, where plaintiff refused to comply with the first order.

Appeal from Circuit Court, Clay County; Leon McCord, Judge.

Action by J. C. Street against Barnie Griffin. From an order directing plaintiff to pay the costs for failure to answer interrogatories and an order dismissing the suit for failure to comply with the first order, plain-

tiff appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

Riddle & Riddle, of Talladega, for appellant. Cornelius & Lackey, of Ashland, for appellee.

MAYFIELD, J. This appeal involves the correctness and propriety of two orders of the circuit court of Clay county, one directing the plaintiff to pay the costs of the suit up to that date for failure to answer interrogatories propounded to him by the adverse party under chapter 84, art. 9, §§ 4049–4057, and the other dismissing the suit for the failure to comply with the former order of the court.

[1] The rights and remedies given by this article of the Code were unknown to the common law, and even the circuit court, as to enforcing the statute, is treated, quoad hoc, as a court of limited jurisdiction; and hence the record should affirmatively show a strict compliance with the statute as to all orders enforcing the rights conferred by the statute. Goodwater v. Street, 137 Ala. 621, 34 South. 903.

The record on this appeal does, however, show every fact necessary to support the orders of the court of which complaint is made. It shows that interrogatories were filed with the clerk, with affidavits, as provided by section 4049 of the Code. It shows that the clerk issued a copy of the interrogatories, and that the copy was served upon the adverse party as required by section 4050 of the Code. It also shows that no answers to the interrogatories were filed within 30 days after the date of the service. In other words, the record is sufficient to confer jurisdiction on the court to make the orders authorized by section 4055, and no order was made which is not authorized by section 4055 of the Code. There is likewise nothing to show any impropriety or incorrectness in the orders, but the recitals in the record fully warrant the action taken by the court.

[2] It is true the first order required the cost to be paid during the day the order was issued, and the dismissal was made on the same day of the first order, but the record also shows a forfeiture, and a refusal of plaintiff to comply with the first order. The plaintiff having refused to comply, there was no need of giving him all of the day in which to comply; and he certainly will not be heard to complain as for time until he offers to comply with the order, which was a condition precedent to the further prosecution of his suit. There is nothing to show that the orders were harsh or, unjust, or that there was any excuse for the failure to answer the interrogatories. If the record speaks the truth, and we must of course treat it as doing so, it shows not only a failure but a refusal of the plaintiff to comply with the requirements of the statute as to answering interrogatories, and with a proper order of the court requiring him to pay the costs of the suit.

It results that the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.