(93 South. 336)

### BASKIN v. TAYLOR.   (6 Div. 947.)*

(Court of Appeals of Alabama. Feb. 21, 1922. Rehearing Denied April 18, 1922.)

1. **Evidence ⊛◻348(2)—Certification of foreign judgment held sufficient to admit record in evidence.**

In an action on a foreign judgment, where the judgment record of the court was certified by the clerk under seal, and that the party certifying as clerk was such officer, was certified by the judge of the court under seal, and the identity of the judge was certified by the clerk, the certificates were sufficient to admit the record in evidence.

2. **Evidence ⊛◻40—Judicial notice taken of foreign courts of general common-law jurisdiction.**

As a general proposition, the Court of Appeals knows that the circuit court of Shelby county, Tenn., is a court of general common-law jurisdiction.

3. **Judgment ⊛◻818(4)—Jurisdiction to render properly authenticated judgment of sister state presumed under full faith and credit clause.**

When a properly authenticated judgment of a sister state is presented in this state and a want of jurisdiction in the court of the sister state to render it does not appear upon the face of the properly certified transcript, it will be presumed prima facie under the full faith and credit rule of the United States Constitution that the court rendering it had complete jurisdiction, notwithstanding that such certification would be insufficient to show jurisdiction of a judgment in this state.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

---

Action by W. O. Taylor against Joel L. Baskin upon a judgment rendered in the Tennessee courts. From a judgment setting aside the judgment for defendant and granting plaintiff a new trial, the defendant appeals. Affirmed.

Brenton K. Fisk, of Birmingham, for appellant.

The defendant was entitled to a judgment, and the court improperly set the same aside and awarded the plaintiff a new trial. 3 C. J. 316; 186 Ala. 567, 64 South. 960; 173 Ala. 106, 55 South. 632; 126 Tenn. 553, 151 S. W. 58; 95 Ala. 479, 12 South. 577; 27 Ala. 663, 62 Am. Dec. 785.

W. T. Stewart, of Birmingham, for appellee.

The trial court erred in its judgment for the defendant, and properly set it aside and granted the plaintiff a new trial. 187 Ala. 77, 65 South. 516; 90 Ala. 454, 8 South. 186; 90 Ala. 391, 7 South. 808, 24 Am. St. Rep. 819; 57 Ala. 448; 76 Ala. 291; 2 Stew. 124; 23 Cyc. 1584.

SAMFORD, J. Plaintiff declared on a judgment rendered by the circuit court of Shelby county, Tenn. On the trial the complaint was amended and issue was joined on two pleas filed by defendant as follows:

"(1) Comes now the defendant and for plea and answer to the complaint as amended says there is no such record as the alleged judgment upon which the cause of action purports to be based.

"(2) For further plea and answer to the complaint as amended the defendant avers that the circuit court of Shelby county, Division 3, State of Tennessee, was without jurisdiction to render the alleged judgment upon which the cause of action in this case purports to be based."

The cause was tried without a jury, and judgment was rendered for defendant. Subsequently the plaintiff filed his motion for a new trial, setting forth several grounds, all of which are embraced in the one ground that: "The judgment was contrary to the evidence." After a consideration of the evidence the court set aside its former judgment and granted a new trial, and from that judgment is this appeal.

[1] This presents for consideration two questions. First, is the certification of the judgment of the circuit court of Shelby county, Tenn., sufficient to meet the requirements as to its admissibility in evidence? Second, is the jurisdiction of the circuit court of Shelby county, Tenn., sufficiently shown?

The judgment record of the circuit court of Shelby county, Tenn., was duly certified by the clerk of said court under his seal of office. That the party certifying as clerk was such officer was certified by the judge of the court under his seal of office, and the identity of the judge was duly certified by the clerk, under seal of his office. These certificates were in due form, and sufficient to admit the record of the judgment in evidence. Andrews v. Flack, 88 Ala. 294, 6 South. 907.

[2, 3] Is the jurisdiction of the Tennessee court sufficiently shown, or, having acted, will it be presumed that that court had jurisdiction of the person of defendant? As a general proposition we know that the circuit court of Shelby county, Tenn., is a court of general common-law jurisdiction. Slaughter v. Cunningham, 24 Ala. 269, 60 Am. Dec. 463. And, if the judgment sued on in this case had been on original process issued from the circuit court of Shelby county, Tenn., the question would be free from difficulty. But the judgment here sued on shows on its face that the circuit court of Shelby county, Tenn., was not undertaking to exercise its general jurisdiction. On the contrary, it shows that the court was undertaking to exercise the special appellate jurisdiction, conferred by statute. The statutes of the state of Tennessee relating to the question were introduced in evidence, showing the conferring of appellate jurisdiction in appeals from justice of the peace courts and the manner in which these appeals must be taken, in order to give the circuit court jurisdiction. At the common law the circuit court would have no such jurisdiction. In Street v. Griffin, 201 Ala. 397, 78 South. 965, our Supreme Court held that in a case where the jurisdiction was dependent upon statutory enactment, the circuit court is treated "quo ad hoc" as a court of limited jurisdiction, and on appeal the record should affirmatively show a strict compliance with the creative statute as to all orders enforcing the rights conferred by the statute. In Rucker v. Tenn. C., I. & R. Co., 176 Ala. 456–469, 58 South. 465, 469, Sayre, J., speaking for the court, said:

"It has repeatedly been decided here that, in the absence of a substantial compliance with statutory provisions regulating and defining the grounds of jurisdiction, the proceedings in the probate court are coram non judice, and are void." Wilburn v. McCalley, 63 Ala. 436.

And he adds:

"The existence of jurisdiction is not inferred from an attempt to exercise jurisdiction; the jurisdictional facts must affirmatively appear." Goodwater, etc., v. Street, 137 Ala. 621, 34 South. 903. "Nothing is presumed in favor of the record." Wilson v. Holt, 83 Ala. 528, 3 South. 321, 3 Am. St. Rep. 768.

This was in a case originating in a chancery court. In Martin v. Martin, 173 Ala. 106–111, 55 South. 632, 633, McClellan, J., in a divorce case originating in the chancery court, and therefore a court of general jurisdiction, held that:

"Accordingly the power to grant divorce a vinculo is not of the general jurisdiction of

courts of equity; but they are in that respect, of limited and special jurisdiction. Where a special authority, in derogation of the common law, is conferred by statute on a court of general jurisdiction, it becomes quo ad hoc an inferior or a limited court." State v. M. & G. R. R. Co., 108 Ala. 29, 18 South. 801; Gunn v. Howell, 27 Ala. 663, 62 Am. Dec. 785.

By the statutes of Tennessee, the special jurisdiction to hear and determine appeals from judgments rendered by justices of the peace is conferred on circuit courts, and therefore circuit courts in Tennessee are quo ad hoc inferior and limited. By statute also is provided the method by which a circuit court obtains jurisdiction of the judgment appealed from, without which the circuit court could not proceed. In this case there is nothing in the record purporting to comply with the statute providing for an appeal from a justice of the peace court to the circuit court, nor does the judgment itself (certified here) recite a compliance with the statute conferring jurisdiction, while the judgment certified to in this case purports to be a judgment dismissing an appeal from a judgment of a lower court, as to what lower court the record is silent. It is clear to us, from what has been said, that the judgment sued on in this case would not be sufficient in itself to show jurisdiction and on appeal in this state would be held to be coram non judice and void. So, also, it appears would be its fate in Tennessee. Duncan v. Gibbs, 1 Yerg. 256; Carrick v. Armstrong, 2 Cold. 267; Willis v. Louderback, 5 Lea, 561; Southern R. Co. v. Seymour, 113 Tenn. 524, 83 S. W. 674; Smith v. Hutchinson, 104 Tenn. 394, 58 S. W. 226. However, the rule seems to be different when applied to properly authenticated judgments from sister states under the *full* faith and credit rule as provided by the Constitution and laws of the United States. When such judgment is presented to a court in this state and a want of jurisdiction in the court of the sister state to render the judgment does not appear upon the face of the properly certified transcript, it will be presumed prima facie that the court rendering such judgment had complete jurisdiction to do so, and in Bogan v. Hamilton, 90 Ala. 454, 8 South. 186, it was expressly held:

"There is no force in the objection, that the record fails to show that the Georgia court had jurisdiction of the subject-matter, and all objections based on this ground were properly overruled." Forbes v. Davis, 187 Ala. 71, 65 South. 516; Mills v. Stewart, 12 Ala. 90; Gunn v. Howell, 27 Ala. 663, 62 Am. Dec. 785.

As to why this distinction is made we do not attempt to explain, but such seems to be the case.

Under the statutes of the state of Tennessee conferring jurisdiction, the jurisdiction in appeals from justice of the peace courts is fixed in the circuit court, and not in any particular division or judge of the court. True, section 5 of the Tennessee Act (Acts 1905, c. 102), after providing for four judges for the circuit court of Shelby county, says:

"Be it further enacted, that the judges presiding in divisions one, two, three, and four of said court shall formulate such rules and regulations as may be necessary to apportion the docket of said circuit court between the four divisions thereof, and the clerk of said court will, under the rules so established, apportion and divide said docket between the four divisions, assigning to each division, for trial and disposition, a proper proportion of the docket. The judge holding division No. four of said court shall hear and determine all cases appealed to said court from justice of the peace in Shelby county, and all cases to that court by writs of certiorari or other appellate process from inferior jurisdictions, except the probate court of Shelby county, and shall also hear and determine all divorce cases instituted in said court, and the same shall be assigned by the clerk to said division. Provided, however, that either judges in division one, two, or three of said court may hear and determine the cases now allotted to division four, upon the conditions and upon assignment of the same to said divisions respectively as hereinafter provided."

But this is a rule of practice and not the part of the act conferring jurisdiction. Barrett v. State, ante, p. 246, 90 South. 13.

Of course the judgment is not conclusive as to jurisdiction, but only prima facie, and if on another trial it should be made to appear that no appeal was taken in the case by the defendant, a different question would be presented. On this record, the trial court did not err in setting aside the judgment and granting a new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.