191 So. 401

## HODGES v. WILES.

8 Div. 803.

Court of Appeals of Alabama.

Oct. 3, 1939.

Street & Orr, of Albertville, for appellant.

P. W. Shumate, of Guntersville, for appellee.

SAMFORD, Judge.

The suit was begun on a promissory note against D. J. Atchley and Mollie Cuzzort by W. S. Wiles, who, in aid of suit, sued out a writ of garnishment against the appellant requiring him to answer as to indebtedness to Mollie Cuzzort.

Judgment was rendered by default against the defendants, and the garnishee, W. A. Hodges, Jr., filed his answer on the 8th day of October, 1937, admitting an indebtedness. But on January 7th, 1938, the garnishee, by leave of the court, filed an amended answer in lieu of the original answer, sworn to as required by law, showing that he was indebted to the defendant, Mollie Cuzzort, by virtue of four promissory notes, dated January 13th, 1937, for $200 each, respectively, and payable as follows: January 13th, 1938; January 13th, 1939; January 13th, 1940; and January 13, 1941. Copies of said notes were attached and made a part of the answer, which copies disclosed that each of said notes was negotiable and subject to the law merchant. Neither of these notes were due on the date of the filing of said answer, but one of them was due at the date of the judgment on the answer, which was rendered the 1st day of April, 1938.

Judgment was rendered on the answer of the garnishee without contest. From this judgment this appeal is taken.

The answer of the garnishee discloses that the indebtedness of the garnishee was evidenced by negotiable promissory notes,

not then due, and not shown to have been in the hands of the payee.

■ The weight of authority is to the effect that the maker of a negotiable note cannot be charged as garnishee of the payee while such note is still current as negotiable paper, subject to be transferred to a bona fide purchaser without notice before maturity. Gatchell & Co. v. Foster, 94 Ala. 622, 10 So. 434; Wohl v. First Nat. Bank of Gadsden, 154 Ala. 332, 46 So. 231; L.R.A.1918C, 736–IV.

■ When the answer of the garnishee, as here, discloses that the note evidencing the indebtedness of the garnishee to the defendant was negotiable and subject to be transferred to an innocent purchaser for value, judgment in favor of the plaintiff and against the garnishee cannot be rendered on such answer.

This action of the court was error.

■ It may be that on another trial the plaintiff may, by proper pleading and evidence, show to the court that at the time of judgment one of the notes, being past due, was still in the hands of the payee, and, for this reason, a judgment here is not rendered, as was the case in Wohl v. First Nat. Bank of Gadsden, 154 Ala. 332, 46 So. 231.

The judgment is reversed and the cause is remanded.

Reversed and remanded.